307 So.2d 507 (1975)
MOBILE AMERICA CORPORATION, a Florida Corporation, Appellant,
v.
Raymond HOWARD and Lynda Howard, Appellees.
No. 74-58.
District Court of Appeal of Florida, Second District.
February 7, 1975.
Thomas T. Steele of Fowler, White, Gillen, Kinney, Boggs & Villareal, Tampa, for appellant.
Raymond Howard, in pro per.
McNULTY, Chief Judge.
Appellant-plaintiff, Mobile America Corporation, sought replevin of a mobile home it had previously sold to appellees who are now in default in the premises. The trial court refused to grant relief finding that the installment sales contract under which the mobile home was purchased was unconscionable. We reverse.
The trial judge determined that "the enforcement of this contract, with respect to the interest and other charges contained therein, would be so unconscionable as to shock this court's conscience." He found "in particular" that the annual percentage rate of 11.75% was unconscionable.
Although not cited by the trial judge in his order, § 672.302, F.S. 1971, adopting provision 2-302 of the Uniform Commercial Code, does authorize a court to refuse to enforce a contract "if the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made." This term "unconscionable" has been interpreted by the courts of many states which have adopted the U.C.C.[1] However, we find no case which even comes close to declaring an interest rate of 11.75% on an installment sales contract "unconscionable." Indeed, most cases finding unconscionability *508 do so by considering terms other than price. Of those cases dealing with price at all, most require, in addition to a grossly excessive price, some element of nondisclosure, fraud, overreaching or a manifestly unequal bargaining position. Only a few courts have indicated that an excessive price disparity may be sufficient of itself under § 2-302, supra, but such cases involved grossly excessive prices and finance charges considering average market conditions. In any case, no such comparison was made in the trial court's judgment here appealed from and it is common knowledge, to which judges are no less privy, that an 11.75% annual percentage rate is within the limits prevalent in the current status of the installment sales market.
We also note that the answer to the complaint herein did not affirmatively allege an excessive interest charge or excessive price but did offer other defenses which were not ruled on by the trial judge. These other defenses may now be viable.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON, J., and DAKAN, STEPHEN L., Associate Judge, concur.
NOTES
[1] See 6B Willier and Hart, Bender's Uniform Commercial Code Service, at 241 et seq. (1974 ed. with 1975 supp.). General references to case law in the body of this opinion following footnote 1 are largely based on cases interpreting § 2-302 collected in that work. See also 1 Uniform Laws Annotated. Uniform Commercial Code, § 2-302 (1968).