416 So.2d 1173 (1982)
STATE of Florida, Appellant,
v.
DE ANZA CORPORATION, d/b/a De Anza Mid-Florida Lakes Mobile Home Park, Appellee.
No. 81-606.
District Court of Appeal of Florida, Fifth District.
June 16, 1982.
Rehearing Denied July 16, 1982.
*1174 Jim Smith, Atty. Gen. and Joanna R. Martin, Asst. Atty. Gen., Tallahassee, for appellant.
Edward S. Jaffry of Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee; and Marybeth Pullum of Pullum & Pullum, Leesburg, for appellee.
COWART, Judge.
This case involves the sufficiency of a five count civil complaint brought by a state attorney on behalf of the State of Florida and hundreds of named individual lessees of mobile home lots against a mobile home park owner.
The complaint alleges that the mobile home park owner (the defendant-landlord) and its predecessors in title enticed or induced the lessees to buy or place mobile homes on rental lots and thereafter proposed to raise rents as leases expired and reduced services that the lessees were allegedly led to believe would be permanently provided.
Count I of the complaint complains that the lessees now face the dilemma of agreeing to pay higher rentals and accepting reduced services or incurring the costs and expenses of moving their mobile homes to other mobile home parks. It seeks to have the court declare the circumstances a deceptive and unfair trade practice as described in section 501.204, Florida Statutes (1979), and to have the landlord enjoined from reducing services or increasing rental beyond the compounded cost of living increases since the date of such "inducement." Count II was brought under the authority of section 83.761(4), Florida Statutes (1979), which gives the state attorney authority to seek injunctions of violations of the "Florida Mobile Home Landlord and Tenant Act," Chapter 83, Part III, Florida Statutes (1979). It seeks to have the court declare the landlord's prospective rental structure to be "unconscionable" within the meaning of section 83.754 of the Act and to have the increase enjoined because, based on the landlord's original purchase price, the proposed rent structure and the annual gross return it produces would constitute an "unconscionably high return on defendants' investment." Count III also seeks to have the increase declared to be in violation of section 83.754 as "unconscionable." The state attorney brought Count III under the authority of Chapter 86, Florida Statutes (1979), generally allowing a court to render declaratory judgments. Count IV, under section 83.761, seeks to have the court find that the defendant violated section 83.753 by failing to act in "good faith" with respect to keeping various promises about security, fences, seawalls, and roads that the landlord allegedly made in letters notifying tenants of rental increases and seeks injunction of "further violations" of section 83.753.
The trial court dismissed the complaint; the State appeals the dismissal of Counts I through IV, but not of Count V.
Section 501.207(1)(b), Florida Statutes (1979), the authority for Count I, allows *1175 the enforcing authority to bring "an action to enjoin a supplier who has violated  this part."[1] "Supplier" is defined in section 501.203(3) as "a seller, lessor, assignor, or other person who regularly solicits, engages in, or enforces consumer transactions." "Consumer transaction" is defined by section 501.203, Florida Statutes, as "a sale, lease, assignment, award by chance, or other disposition of an item of goods, a consumer service, or an intangible."
State ex rel. Herring v. Murdock, 345 So.2d 759 (Fla. 4th DCA 1977), held that the sale of real estate lots was not a "consumer transaction," since a real estate lot is not an item of goods, a consumer service or an intangible. For the same reason, the lease[2] of a real estate lot is not a "consumer transaction," and the trial court was correct in so holding and in dismissing Count I.
Section 83.754, upon which Count II is based, allows the court to declare "a mobile home lot rental agreement, or any provision of the rental agreement, to have been unconscionable at the time it was made." Section 83.752(4) defines "mobile home lot rental agreement" as "any mutual understanding, lease or tenancy between a mobile home owner and a mobile home park owner" and contemplates that a contract must exist between the parties before it, or any term of it, may be declared to be unconscionable. While Count II generally alleges that defendant's rent structure was unconscionable because rental was increased at a rate in excess of the cost of living, it does not allege that the lessees were bound by any agreement to pay the increased rental. Also, contract unconscionability requires both substantive and procedural unconscionability. Kohl v. Bay Colony Club Condominium, Inc., 398 So.2d 865 (Fla. 4th DCA), review denied, 408 So.2d 1094 (Fla. 1981). Price-value disparity alone is insufficient to establish substantive unconscionability, Mobile America Corp. v. Howard, 307 So.2d 507 (Fla. 2d DCA 1975), in the absence of a comparison between the particular price being paid by one party to the price being paid by another similarly situated consumer in a similar transaction for a similar facility. Land, of course, is always unique. Here, as in Bennett v. Behring Corp., 466 F. Supp. 689 (S.D.Fla. 1979), there is no allegation that the defendant's schedule of rentals and increases is in excess of the property's rental value; the complaint alleges only that the defendant is making too much money on its capital investment. Procedural unconscionability relates to the individualized circumstances surrounding each contracting party at the time of contracting and cannot be established as a general proposition for a whole range of contracts merely containing similar terms between various persons. See Kohl v. Bay Colony Club Condominium, Inc. Therefore, in addition to failing to allege a specific mobile home lot rental agreement, Count II of the complaint fails to contain a short and plain statement of facts sufficient to establish substantive and procedural unconscionability and the trial court did not err in dismissing it.
As does Count II, Count III seeks to have the rental increases declared to be "unconscionable" within the meaning of section 83.754. However, while Count II was brought under the authority of section 83.761(4), specifically authorizing the state attorney, upon the sworn affidavit of a mobile home park dweller, to seek declaration and injunction of violations of Part III of Chapter 83, the authority for Count III was alleged to be Chapter 86, which allows one to obtain judicial declaration of a fact upon which the existence of an immunity, power, privilege or right exists. § 86.011, *1176 Fla. Stat. (1981). The state attorney alleged that his right to seek a declaration that the rental increases were "unconscionable" under Chapter 83 was dependent on the court's declaring that the increases were, indeed, in violation of the act. The trial court correctly reasoned that Chapter 86 does not provide an independent source of authority for the state attorney to right every perceived wrong or to initiate any controversy merely by seeking a declaratory decree as to a salient fact and that the state attorney has the authority to seek declarations of violations of Part III of Chapter 83 only under section 83.761(4) and only subject to the conditions stated in that section. Accordingly, Count III was properly dismissed.
As noted above, count IV seeks a declaration that the defendant had not acted in good faith in failing to complete certain improvements promised in letters to tenants and, like count II, seeks injunctive relief under section 83.761(4). Section 83.753 provides that "every rental agreement or duty within this part imposes an obligation of good faith in its performance or enforcement." This provision is identical to language in the Uniform Commercial Code. § 671.203, Fla. Stat. (1981). The term "good faith" is defined in section 671.201(19), Florida Statutes (1981), identically as in section 83.43(8), as "honesty in fact in the conduct or transaction concerned." In the context of the Uniform Commercial Code, this provision adds an additional term into the contract that the parties observe honesty in fact and reasonable standards of fair dealing in their transactions. 1 Anderson on The Uniform Commercial Code § 1-203:4 (1970). The mere assertion that one contracting party has not acted in good faith does not state a cause of action; the provision is but directive and descriptive of conduct, and is not a remedy. Chandler v. Hunter, 340 So.2d 818 (Ala. Civ. App. 1976). The trial court was correct in dismissing count IV and in holding that a cause of action could not be stated on a mere allegation of bad faith without factual particulars as to some reliance by the other party on defaulted promises of the defendant or as to some particular detriment resulting to a particular party from the failure of a supplier to perform a contractual obligation in good faith.
Accordingly, the final order below dismissing the complaint is
AFFIRMED.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] The "Florida Deceptive and Unfair Trade Practices Act," chapter 501, part II, Florida Statutes (1979).
[2] Appellant urges that a lease is an "intangible" within the meaning of that word in section 501.203 because the lease is sometimes (i.e., for tax purposes) considered an item of intangible personal property. This argument misses the point. Even if a lease of land was itself considered an intangible, this statute would only apply to a supplier who sells or assigns leases as a transaction with the consumer and still would not apply to one who sells or leases the land itself.