PER CURIAM.
This is an appeal of a non-final order certifying an action as maintainable as a class action. We have jurisdiction to hear this appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). See Maner Properties, Inc. v. Siksay, 489 So.2d 842 (Fla. 4th DCA 1986). We reverse.
Lantana Cascade of Palm Beach, Ltd. and James A. Smith, appellants, filed an action for declaratory judgment against Lanca Homeowners, Inc. (Lanca), L.C. Grievance Committee (L.C. Grievance), and Patrick McKernan, appellees. Lanca and L.C. Grievance, as alleged representatives of the mobile home residents of Lantana Park, filed a counterclaim for injunctive relief and damages.
After an evidentiary hearing, the trial court found that, although Lanca is not a member of the subject class, it was an appropriate class representative based on the authority of section 723.079(1), Florida Statutes (1985). Moreover, the trial court held that the counterclaim, except for specified portions, met the prerequisites of Florida Rule of Civil Procedure 1.220, and thus, could be maintained as a class action.
Appellants raise the issues of whether Lanca can be an appropriate class representative and whether the counterclaim can be brought as a class action. By order of this court, both The Federation of Mobile Home Owners of Florida, Inc. and Florida Manufactured Housing Association, Inc. filed a brief as an amicus curiae addressing the first issue.
We find that the trial court erred when it found that Lanca was an appropri *1075 ate class representative for the mobile home residents. Lanca is not a member of the class, and therefore, does not meet the requirements of Florida Rule of Civil Procedure 1.220(a). Moreover, section 723.-079(1), Florida Statutes (1985) cannot be used as authority to find that Lanca is a proper class representative. The language used in section 723.079(1) which purports to give Lanca the authority to act as a class representative has been struck down as unconstitutional in that it usurps the Florida Supreme Court’s rulemaking authority. Avila South Condominium Association v. Kappa Corp., 347 So.2d 599 (Fla.1977). Therefore, on the authority of Avila, we hold section 723.079(1), Florida Statutes (1985), except for the first two sentences, unconstitutional. Accordingly, we reverse the portion of the final judgment which finds Lanca as an appropriate class representative.
However, we affirm the trial court’s finding that the counterclaim, except for the specified portions, could be maintained as a class action. The causes of action alleged in the counterclaim meet the requisites of Florida Rule of Civil Procedure 1.220(b).
Accordingly, we reverse in part and affirm in part.
GLICKSTEIN, WALDEN and STONE, JJ., concur.