524 So.2d 693 (1988)
Arthur E. THOMAS, et al., Appellants,
v.
Rebert JONES, et al., Appellees.
No. 86-1131.
District Court of Appeal of Florida, Fifth District.
March 31, 1988.
Rehearing Denied May 10, 1988.
*694 Johnie A. McLeod, of McLeod, McLeod & McLeod, Apopka, for appellants.
Lee Jay Colling, of Colling & Beattie, P.A., Orlando, for appellees.
John T. Allen, Jr., and Christopher P. Jayson, of John T. Allen, Jr., P.A., St. Petersburg, for amicus curiae Federation of Mobile Home Owners of Florida, Inc.

ON MOTION FOR REHEARING AND REHEARING EN BANC
PER CURIAM.
Pursuant to the appellants' motion for rehearing in accordance with Florida Rule of Appellate Procedure 9.331, we have considered this case en banc. We vacate our per curiam panel decision filed September 29, 1987 and substitute the following opinion.
Appellees, approximately one hundred resident mobile home owners in Friendly Adult Estates Mobile Home Park (residents), brought a class action alleging that appellant mobile home park owners had unconscionably raised their lot rental rates. The trial court determined that the residents' claim of unconscionability was maintainable as a class action pursuant to Florida Rule of Civil Procedure 1.220. After a bench trial, the court found the rent increase to have been unconscionable and entered a final judgment in favor of the residents, including an award of attorney's fees. The park owners appeal. We reverse.
A threshold issue in this case is whether a claim of unconscionability can be asserted in a class action. Under the current legal analysis, substantive and procedural unconscionability must both be established to prevail in an unconscionability action. Substantive unconscionability generally can be established by alleging and proving that the terms of a contract are onerous, unreasonable, or unfair. It has been held that substantive unconscionability can be asserted in a class action. E.g. Kohl v. Bay Colony Club Condominium, Inc., 398 So.2d 865 (Fla. 4th DCA), rev. denied, 408 So.2d 1094 (Fla. 1981).
By contrast, procedural unconscionability "speaks to the individualized circumstances surrounding each contracting party at the time the contract was entered into." Id. at 868. The manner in which a particular contracting party's age, education, intelligence, financial position, business experience, etc. affects that party's bargaining position, and whether such factors permit *695 the party to have a "meaningful choice," vary from individual to individual.
The residents urge on appeal that because of the unique problems facing many similarly situated mobile home residents, a class action is appropriate to assert both substantive and procedural unconscionability. As in this case, many residents own their mobile homes but rent lots from park owners. In contrast to other living arrangements (such as most apartment rentals), if lot rents are raised, mobile home residents lack the option of simply refusing to renew their lease and moving out. Instead, residents must either accept the rent increases, sell their mobile homes, or attempt to move the mobile homes to other sites. The residents in this case conclude that this situation leaves each of them with an "absence of meaningful choice" which is sufficiently similar that the trial court correctly permitted them to assert procedural unconscionability in their class action.
We reject the residents' contentions. It may be true that each resident was faced with similar lot rental increases and left with similar choices. However, procedural unconscionability involves not external factors faced by an individual, such as an onerous contract term or increased rent, but rather the particular effect each external factor has on each individual and how the individual reacts to such factors. We find, therefore, that because of the basic differences between people, the requirements for procedural unconscionability are too personal, individualized, and subjective to be properly asserted in a class action. The trial court erred in permitting the residents to do so in this case.
This conclusion is supported by this court's opinion in K.D. Lewis Enterprises Corp. v. Smith, 445 So.2d 1032 (Fla. 5th DCA 1984). In that case, tenants brought a counterclaim alleging their landlord did not maintain their apartments and unfairly increased the amount of their rent. This court held that the trial court correctly refused to permit the tenants to appear as representatives of a class of all the tenants in the apartment complex. We reasoned that "[w]hile each tenant may have been affected by the omissions or non-compliance of the landlord, the extent, nature, and effect of such omissions and non-compliance would unquestionably vary from apartment to apartment and from tenant to tenant." Id. at 1034. See also Garrett v. Janiewski, 480 So.2d 1324 (Fla. 4th DCA 1985), rev. denied, 492 So.2d 1333 (Fla. 1986) (the prerequisites for procedural unconscionability are too individualized to permit a class action); State v. De Anza, 416 So.2d 1173 (Fla. 5th DCA), rev. denied, 424 So.2d 763 (Fla. 1982) (procedural unconscionability relates to the individualized circumstances surrounding each contracting party at the time of contracting and cannot be established as a general proposition for a whole range of contracts merely containing similar terms between various persons.) This point is also analogous to the holdings in Lance v. Wade, 457 So.2d 1008 (Fla. 1984), Avila South Condominium Association, Inc. v. Kappa Corp., 347 So.2d 599 (Fla. 1977), and Osceola Groves v. Wiley, 78 So.2d 700 (Fla. 1955), where the supreme court held that fraud on individual contracts cannot be a basis for a class action. See also Moorings Ass'n., Inc. v. Tortoise Island Communities, Inc., 460 So.2d 961 (Fla. 5th DCA 1984), quashed, 489 So.2d 22 (Fla. 1986).
In conclusion, we hold that, as a matter of law, procedural unconscionability can not be asserted in a class action. As it necessarily is bottomed on the trial court's determination that the residents' claim was maintainable as a class action, the final judgment, including the award of attorney's fees to the residents, is reversed and remanded without prejudice to the institution of individual actions.
REVERSED AND REMANDED.
DAUKSCH, COBB and COWART, JJ., concur.
SHARP, C.J., dissents with opinion in which DANIEL, J., concurs.
SHARP, Chief Judge dissenting.
In the context of a claim by tenants in a mobile home park that the park owner is seeking to charge unconscionably high *696 rents through a rent increase, I do not think the class action suit should fail because of a lack of proof of "procedural unconscionability" on the part of the individual tenants. Procedural unconscionability is a technical, and not clearly defined requirement for the common law cause of action relating to relief from onerous contract terms. See discussion in Kohl v. Bay Colony Club Condominium, Inc., 398 So.2d 865 (Fla. 4th DCA); review denied, 408 So.2d 1094 (Fla. 1981). As the court stated in Kohl, that doctrine does not necessarily apply to statutory causes of action, like this one.
Furthermore, procedural unconscionability may be established in a class action context, where the circumstances of each member of the class demonstrate "the absence of meaningful choice" on the part of each member. I do not think it necessary to delve into the individualized circumstances of each member of the class where the meaningfulness of the choice is negated by a gross inequality of bargaining power. Kohl, 398 So.2d at 868. In this case it was established that the plaintiffs were mobile home lot renters who when faced with an outrageous demand for increased rent, have no "meaningful choice" due to their common circumstances. Kohl, 398 So.2d at 869. They cannot freely move out of the park because their mobile homes are not truly "mobile." To avoid the enormous expense and disruption of moving, they are forced to pay unconscionable rents.
I think State v. DeAnza Corp., 416 So.2d 1173 (Fla. 5th DCA); review denied, 424 So.2d 763 (Fla. 1982) is distinguishable because that case turned on the adequacy of the allegations of the complaint to establish "procedural unconscionability." This case went to trial, and the circumstances of "no meaningful choice" were alleged and proved.
DANIEL, J., concurs.