541 So.2d 1121 (1988)
LANCA HOMEOWNERS, INC., Etc., et al., Appellants, Cross-Appellees,
v.
LANTANA CASCADE OF PALM BEACH, LTD., et al., Appellees, Cross-Appellants.
No. 71767.
Supreme Court of Florida.
September 22, 1988.
Rehearing Denied April 25, 1989.
*1122 Michael B. Small of Small & Berris, Palm Beach, for appellants, cross-appellees.
Edward A. Marod of Gunster, Yoakley, Criser & Stewart, P.A., West Palm Beach, for appellees, cross-appellants.
Lee Jay Colling and Douglas B. Beattie of Colling & Beattie, P.A., Orlando, amicus curiae for The Federation of Mobile Home Owners of Florida, Inc.
David D. Eastman of Parker, Skelding, McVoy & Labasky, Tallahassee, amicus curiae for The Florida Manufactured Housing Ass'n.
SHAW, Justice.
We have on appeal Lantana Cascade of Palm Beach, Ltd. v. Lanca Homeowners, Inc., 516 So.2d 1074 (Fla. 4th DCA 1987), which declares invalid section 723.079(1), Florida Statutes (1985). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm in part and reverse in part the decision of the district court.
Lantana Cascade (Park Owner) owns Lantana Cascade Mobile Home Park (the park), which offers for rent 461 mobile home lots. L.C. Grievance Committee (L.C.) is a Florida not-for-profit corporation that was organized in 1975 to represent the interests of mobile home owners in the park. Lanca Homeowners (Lanca) is a Florida not-for-profit corporation that was organized in 1985 as "the homeowners association," pursuant to section 723.075, Florida Statutes (1985). Three-hundred and forty-four mobile home owners within the park consented in writing to joining Lanca. In 1986, Lanca and L.C. wrote a letter to Park Owner charging it with engaging in unfair practices and threatening to withhold future rental payments. Park Owner filed a claim seeking declaratory relief. Lanca and L.C., acting as representatives of their membership, filed a class action counterclaim in which they alleged that:
1) Park Owner had violated the terms of a 1975 consent judgment which had required it to provide a certain level of maintenance and security within the common areas;
2) Park Owner had violated numerous administrative rules and statutory provisions;
3) Park Owner had imposed unconscionable rent increases.
After an evidentiary hearing, the trial court issued an order finding that Lanca, although not a member of the subject class, was an appropriate class representative under section 723.079(1), Florida Statutes (1985), which provides in part:
The association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all home owners concerning matters of common interest, including, but not limited to: the common property; structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving the park property; and protests of ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action.
The trial court also found that the counterclaim met the requirements of Florida Rule of Civil Procedure 1.220 and was thus maintainable as a class action. Park Owner appealed this order.
The district court reversed in part, affirmed in part. It held that although the counterclaim itself was suitable for presentation as a class action, Lanca lacked standing to assert it for two reasons. First, it held that section 723.079(1) is unconstitutional and cannot be used as a basis for finding Lanca a proper class representative. It based this finding on Avila South Condominium Association v. Kappa Corp., 347 So.2d 599 (Fla. 1977), in which this Court ruled that the 1975 and 1976 versions of a similar statute governing condominium associations were an unconstitutional legislative incursion into this Court's exclusive rulemaking authority. In Avila, we recognized, however, that the statute had merit and we adopted a slightly modified version of the text of the 1976 statute *1123 as an emergency rule of procedure. Second, the district court found that because Lanca was not a member of the class, it failed to meet the requirements of Florida Rule of Civil Procedure 1.220(a), and thus lacked standing to represent the class under the rule.
Lanca appealed to this Court the finding that it was an improper class representative, and Park Owner cross-appealed the finding that the counterclaim was maintainable. Amicus curiae briefs in the present proceeding were submitted by the Federation of Mobile Home Owners of Florida, Inc. and by the Florida Manufactured Housing Association. Lanca raises three issues on appeal here: whether section 723.079(1) is constitutional; whether the statute should be adopted as a rule; and whether Lanca can act as class representative. On cross-appeal, Park Owner raises a single issue: whether the counterclaim itself is maintainable as a class action.
The statute clearly is unconstitutional. This Court in Avila declared that sections 718.111(2), Florida Statutes (Supp. 1976), and 711.12(2), Florida Statutes (1975), constituted an unconstitutional intrusion on this Court's rulemaking authority. Both statutes concern the right of a condominium association to represent its members in a class action. In Avila, this Court reasoned that the sections sought to define the proper parties to suits litigating substantive rights; the sections were thus procedural and were within this Court's exclusive domain. See Art. V, § 2(a), Fla. Const. The substance of the section found unconstitutional in Avila is practically identical to that of section 723.079(1), Florida Statutes (1985), which is in issue here. The relevant language of the instant section tracks the language of the 1976 section almost word for word. Only one word differs. The instant statute says:
The association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all home owners concerning matters of common interest... .
§ 723.079(1), Fla. Stat. (1985) (emphasis added). And the 1976 statute says:
[T]he association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest... .
§ 718.111(2), Fla. Stat. (Supp. 1976) (emphasis added). The Avila rationale applies equally here. Accordingly, we declare unconstitutional all parts of sections 723.079(1), Florida Statutes (1985) and (1987), except for the first two sentences of each.
As to whether this Court should adopt the substance of section 723.079(1) as an emergency rule of procedure, we follow our reasoning in Avila. There, we recognized that:
[T]he peculiar features of condominium development, ownership, and operation indicate the wisdom of providing a procedural vehicle for settlement of disputes affecting condominium unit owners concerning matters of common interest.
Avila, 347 So.2d at 608. Subsequent to the rule's adoption in Avila, this Court conducted proceedings to grant interested parties an opportunity to be heard on the matter. In re Rule 1.220(b), Florida Rules of Civil Procedure, 353 So.2d 95 (Fla. 1977). Rejecting pleas for modification of the rule, this Court stated that:
The response of this Court in Avila was to recognize the authority of the legislature to create capacity in condominium associations to maintain suits, but to reject the attempt of the legislature to design the procedural vehicle for vindication of substantive rights. However, recognizing the virtue of the policy sought to be asserted by the legislature, we adopted Rule 1.220(b).
Id. at 97. In the instant matter, we similarly note that the unique features of mobile home residency call for an effective procedural format for resolving disputes between park owners and residents concerning matters of shared interest. Again, we recognize the usefulness of the policy sought to be asserted by the legislature. Pursuant to Florida Rule of Judicial Administration 2.130(a), we adopt the following to be titled "Mobile Homeowners' Association," to be numbered Florida Rule of *1124 Civil Procedure 1.222, and to be effective immediately:
A mobile homeowners' association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all home owners concerning matters of common interest, including, but not limited to: the common property; structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving the park property; and protests of ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this section, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this section. Nothing herein limits any statutory or common-law right of any individual home owner or class of home owners to bring any action which may otherwise be available. An action under this rule shall not be subject to the requirements of rule 1.220.
Thus, the answer to Lanca's third point on appeal  whether it can act as class representative  is affirmative. Lanca, as the park's homeowners' association, has authority to represent all the park's home owners in a class action under the newly adopted rule.
As to the issue on cross-appeal, the district court correctly ruled that the counterclaim itself is maintainable as a class action. The first two counts of the counterclaim  violation of the consent judgment, and violation of statutes and rules  both meet the requirements of rule 1.220(b); both clearly concern matters of common interest to the entire class. The third count presents the following issue: whether a claim of unconscionable rental increase in a mobile home park setting is suitable for allegation and proof in a class action. Some courts have indicated that unconscionability claims are too individualized for class action proceedings. See generally Thomas v. Jones, 524 So.2d 693 (Fla. 5th DCA 1988); Garrett v. Janiewski, 480 So.2d 1324 (Fla. 4th DCA 1985), review denied, 492 So.2d 1333 (Fla. 1986); State v. DeAnza, 416 So.2d 1173 (Fla. 5th DCA), review denied, 424 So.2d 763 (Fla. 1982). Others have indicated that they are not. See generally Avila; Steinhardt v. Rudolph, 422 So.2d 884 (Fla.3d DCA 1982), review denied, 434 So.2d 889 (Fla. 1983); Kohl v. Bay Colony Club Condominium, Inc., 398 So.2d 865 (Fla. 4th DCA), review denied, 408 So.2d 1094 (Fla. 1981).
Section 723.033(2), Florida Statutes (1985), which provides a cause of action for unconscionable rental agreements states:
When it is claimed or appears to the court that the rental agreement, or any provision thereof, may be unconscionable, the parties shall be afforded a reasonable opportunity to present evidence as to its meaning and purpose, the relationship of the parties, and other relevant factors to aid the court in making the determination.
The key here is "the relationship of the parties." Where a rent increase by a park owner is a unilateral act, imposed across the board on all tenants and imposed after the initial rental agreement has been entered into, park residents have little choice but to accept the increase. They must accept it or, in many cases, sell their homes or undertake the considerable expense and burden of uprooting and moving. The "absence of a meaningful choice" for these residents, who find the rent increased after their mobile homes have become affixed to the land, serves to meet the class action requirement of procedural unconscionability. See Thomas, 524 So.2d at 695 (Sharp, C.J. dissenting); Steinhardt; Kohl. As a rule, the relationship that exists between park owner and resident clearly outweighs any other factor in determining the effect of the increase on individual residents. This circumstance is shared equally by each member of the park. Thus, the alleged unconscionability of such an increase lends itself to proof in the class action format.[*]
*1125 Accordingly, we affirm those portions of the district court opinion that find section 723.079(1), Florida Statutes (1985), unconstitutional and that find the counterclaim maintainable. We reverse that portion of the opinion that finds Lanca an improper class representative. We remand for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] To the extent that some of the class members may not occupy the same position, the court is always at liberty to designate subclasses. See Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081 (Fla. 4th DCA 1976).