541 So.2d 112 (1989)
Rebert JONES, et al., Petitioners,
v.
Arthur E. THOMAS, et al., Respondents.
No. 72563.
Supreme Court of Florida.
April 6, 1989.
Lee Jay Colling and Douglas B. Beattie of Colling & Beattie, P.A., Orlando, for petitioners.
Johnie A. McLeod of McLeod, McLeod & McLeod, P.A., Apopka, for respondents.
John T. Allen, Jr. and Christopher P. Jayson of John T. Allen, Jr., P.A., St. Petersburg, amicus curiae for Federation of Mobile Home Owners of Florida, Inc.
Alan C. Sundberg, Sylvia H. Walbolt and Lacy R. Harwell, Jr. of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, amicus curiae for Club Wildwood Mobile Home Village.
*113 Jack M. Skelding, Jr. and David D. Eastman of Parker, Skelding, McVoy & Labasky, Tallahassee, amicus curiae for Florida Manufactured Housing Ass'n, Inc.
SHAW, Justice.
We have for review Thomas v. Jones, 524 So.2d 693 (Fla. 5th DCA 1988), based upon conflict with Lanca Homeowners, Inc. v. Lantana Cascade, 541 So.2d 1121 (Fla. 1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the opinion of the district court.
Petitioners, mobile home owners (residents), filed a class action against respondents, mobile home park owners, alleging unconscionable lot rental increases. The trial court determined that the claim was maintainable as a class action and ruled in favor of the residents. The district court, on rehearing en banc, reversed, concluding that unconscionability claims are too individualized for treatment in the class action format. We disagree. In Lanca Homeowners, we ruled that a claim of unconscionable rental increase in a mobile home park setting is suitable for resolution in a class action. Accordingly, we quash the opinion of the district court.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.