GRIFFIN, Judge.
Appellants, owners of a mobile home park, seek review of the order below denying them an award of attorney’s fees. They sought fees after securing the dismissal of a class action brought by certain park residents. The suit, filed pursuant to Florida Rule of Civil Procedure 1.222, principally challenged certain rental increases made by the appellants on the basis that the increases violated the residents’ leases and the Mobile Home Act.[1] The complaint contained six counts, five of which declared: “This is an action for declaratory judgment and injunctive relief and pursuant to Chapter 86, Florida Statutes, Chapter 83, Florida Statutes (1983) and its successor statute, Chapter 723, Florida Statutes ...” In each count, appellee sought attorney’s fees. Only two counts of the complaint expressly alleged violations of provisions of Chapter 723 by appellants.
In response to the complaint, appellants filed a motion to dismiss asserting, in summary:
1. Appellee had no standing to bring the action under section 723.
2. The complaint failed to allege that each member of the class was a bona fide owner of a mobile home in the park and thus entitled to belong to the homeowners association and the action could not be brought under section 723.
3. That a class action was improper because the issues involved were not common to all of the plaintiff class, and appellee could not properly represent the alleged class.
After hearing, the. trial court ordered dismissal in a speaking order that concluded in part:
Plaintiff, on behalf of several named tennants [sic] of the trailer park, many of whom have different claims, is attempting to sue in a class action for breach of individual contracts and to have the indi *294 vidual rights of the contracting parties determined by way of declaratory judgment.
Plaintiffs complaint is, therefore, based on specific contract provisions— and the contracts are between named residents of the park and the trailer park owner.
******
This is not a situation in which the lease has expired and the lot owner is asking an unreasonable amount to renew the lease. If this were the case, all the lot owners would be in the same situation and their common rights, and not their individual contracts would be in dispute and properly the subject of this type action.
******
The Court finds that this is not the type of case that Rule 1.222, Florida Rules of Civil Procedure authorizes to be brought as a class action by the homeowner association. This is not to say that a class action under Rule 1.220, Florida Rules of Civil Procedures [sic] might not be appropriate.
Appellee initially filed an appeal of this order but later dismissed the appeal and simply refiled their class action under Florida Rule of Civil Procedure 1.220.
Appellants sought recovery of attorney’s fees pursuant to the provisions of section 723.068, Florida Statutes, as the prevailing party. Appellee objected on the ground that appellants could not seek dismissal of the suit by contending the action was not a suit under Chapter 723 and nevertheless claim fees under the statute once the complaint was dismissed. The trial judge was disadvantaged in ruling on the fees motion because he was not the judge who had entered the dismissal order. As successor judge, he refused fees, expressing the view that appellants were not yet the “prevailing parties” on the merits of the lawsuit, which had already been refiled as a non-Rule 1.222 class action. We reverse.
After reviewing the dismissal order carefully we cannot agree with appellee’s premise concerning the reason for the dismissal.[2] The order of dismissal does not state, nor does it appear that the trial court’s reason for dismissing the suit was that appellee had no cognizable Chapter 723 claim or had not attempted to plead a Chapter 723 claim. Appellants were successful in obtaining dismissal of the initial suit and, therefore, were the “prevailing party” entitled to fees under the terms of section 723.068, Florida Statutes. That the dismissal was obtained on procedural grounds is immaterial; the fact is the lawsuit was involuntarily dismissed and appellee waived appellate review of the dismissal order.
REVERSED and REMANDED.
COBB and DIAMANTES, JJ., concur.

. The "Florida Mobile Home Act” is Chapter 723, Florida Statutes (1987).

. Because of this conclusion we need not reach the legal issue raised by appellees. We note, however, that the weight of authority appears to be with appellants. See Brown v. Gardens By The Sea South Condo. Ass'n, 424 So.2d 181 (Fla. 4th DCA 1983); Rustic Village, Inc. v. Friedman, 417 So.2d 305 (Fla. 3d DCA 1982). These cases are discussed, and the opposing view is expressed, in 1 J. Hauser, Attorney’s Fees in Florida 40, 42 (1988).