FULMER, Judge.
This appeal arises from a dispute over the interpretation of a mediation agreement. Featherock Homeowners Association, Inc. (“the Association”), sought a declaratory judgment, on behalf of all homeowners occupying rental spaces at Featherock Mobile Home Park (“Feather-ock”), against the owner of the park, Mal-eo Industries, Inc. (“the Owner”). Both sides filed motions for summary judgment. The trial court construed the mediation agreement in the manner urged by the Association and, therefore, denied the Owner’s motion for summary judgment and granted the Association’s motion. We reverse the trial court’s order and remand with directions to enter judgment for the Owner because the Association lacked standing to bring the action.
Residents in Featherock own their mobile homes and lease lots from the Owner pursuant to annual lot rental agreements, which begin on January 1 and end on December 31 of each year. The landlord/tenant relationship is governed by chapter 723, Florida Statutes, the Florida Mobile Home Act. For the year 2001, the Owner increased the lot rent in Feather-ock and sent the homeowners statutory notice of the increase. Many of the homeowners objected to the increase. The dispute was resolved through a mediation proceeding conducted pursuant to section 723.038, Florida Statutes (2000). The homeowners were represented by a five-member committee that was designated by a majority of the homeowners in accordance with section 723.037(4)(a), Florida Statutes (2000).
The committee and the Owner executed a mediation agreement on January 3, 2001, in which the parties agreed upon the amount that lot rent would increase for existing homeowners each year for the years 2001, 2002, and 2003. Paragraph 3 *757 of the agreement provided: “The rent limitations expressed herein are personal to existing residents and may not be assumed by resale purchasers except as provided in section 723.059(3) F.S.” In relevant part, section 723.059(3), Florida Statutes (2000), provides:
The purchaser of a mobile home who becomes a resident of the mobile home park in accordance with this section has the right to assume the remainder of the term of any rental agreement then in effect between the mobile home park owner and the seller.
The dispute below turned on the construction of paragraph 3 and the manner in which it applied to resale purchasers. The Owner argued that the mediation agreement specifically excluded resale purchasers from the benefits of the agreement except as to the resale purchaser’s statutory right under section 723.059(3) to assume the remainder of the seller’s rental agreement until its year end on December 31. The Owner also argued that the Association lacked standing to bring the action because the Association did not comply with the statutory prerequisite, set forth in section 723.037(1), Florida Statutes (2001), to obtain consent from a majority of the affected homeowners.
The Association argued that the mediation agreement was itself a rental agreement and that resale purchasers were permitted to assume the rent limitations for the remainder of the three-year period specified in the agreement. With respect to standing, the Association argued that as a duly formed mobile homeowners’ association, it has standing to “institute ... actions ... in its name on behalf of all homeowners concerning matters of common interest,” pursuant to Florida Rule of Civil Procedure 1.222.
In granting summary judgment for the Association, the trial court rejected the Owner’s standing argument and ruled “[t]hat this was a matter of ‘common interest’ and therefore the Plaintiff, under the Florida Rules of Civil Procedure, was entitled to bring this action.” We agree that the Owner’s standing argument founded on section 723.037 has no merit. However, we reverse the trial court’s ruling on standing because we also reject the trial court’s conclusion that the dispute concerned “a matter of common interest” sufficient to confer standing on the Association pursuant to rule 1.222.
Section 723.037, Florida Statutes (2001), addresses challenges to lot rental increases and provides in pertinent part in subsection one: “The homeowners’ association shall have no standing to challenge the increase in lot rental amount, reduction in services or utilities, or change of rules and regulations unless a majority of the affected homeowners agree, in -writing, to such representation.” The dispute below was not a challenge to “the increase in lot rental amount.” The homeowners resolved their challenge to the amount of the rent increases by entering into the mediation agreement. Therefore, section 723.037(1) does not control our resolution of the standing issue.
The Association’s standing is governed by rule 1.222, which provides, in part:
A mobile homeowners’ association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all homeowners concerning matters of common interest, including, but not limited to: the common property; structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving the park property; and protests of ad valorem taxes on commonly used facilities.
Only the homeowners who intended to sell their homes during the relevant three-year *758 period had an interest in the controversy. Therefore, the dispute is of limited interest to all homeowners in the park and, as such, the Association is not the proper party to bring the action. And, to the extent that potential purchasers are affected, they cannot be represented by the Association. Accordingly, we reverse and remand for the trial court to enter summary judgment for the Owner.[1]
Reversed and remanded with directions.
ALTENBERND, C.J., and CASANUEVA, J., Concur.

. We decline to address the remaining issues raised by the Owner although it appears they may have merit.