893 So.2d 620 (2005)
AMBER GLADES, INC., Appellant,
v.
LEISURE ASSOCIATES LIMITED PARTNERSHIP and P & S Florida Leisure Corporation, Appellees.
No. 2D04-1884.
District Court of Appeal of Florida, Second District.
February 9, 2005.
*621 Christopher S. Kuhn and Justin G. Joseph of Justin G. Joseph, P.A., Tarpon Springs, for Appellant.
David D. Eastman and Carol S. Grondzik of Lutz, Bobo, Telfair, Eastman, Tallahassee, for Appellees.
ALTENBERND, Chief Judge.
Amber Glades, Inc., a mobile homeowners' association, appeals an order determining a class pursuant to Florida Rule of Civil Procedure 1.222. The order was entered in its action against the mobile home park owners, Leisure Associates Limited Partnership and P & S Florida Leisure Corporation (Leisure). This appeal demonstrates that rule 1.222 leaves many important procedural issues unresolved. We approve the order on appeal to the extent that it requires Amber Glades to give notice of the lawsuit to all mobile homeowners in the relevant park. At this point, all remaining legal issues that trouble either the parties to this appeal or this court are not ripe for review because no affected mobile homeowner is a party or even a notified class member in the trial court proceedings and no mobile homeowner has participated in this appellate proceeding.

I. THE LAWSUIT
In October 2003, Amber Glades filed a multicount complaint against Leisure.[1] Amber Glades filed the action "on behalf of all mobile homeowners in the park." None of those mobile homeowners were named as parties in the complaint. The complaint contains several theories, three of which warrant discussion. First, it maintains that a recent lot rental increase, which apparently affected all mobile homeowners, was unreasonable and should be unenforceable. Second, it maintains that Leisure has improperly amended park rules or is not enforcing park rules that generally bar people under the age of fifty-five from living in the park. Finally, it maintains that Leisure is not enforcing rules restricting pets within the park. Amber Glades seeks monetary damages for the mobile homeowners, other relief as is just and proper, and attorneys' fees.
This complaint was filed in reliance upon rule 1.222, which states in its entirety:
A mobile homeowners' association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all homeowners concerning matters of common interest, including, but not limited to: the common property; structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving the park property; and protests of ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this rule, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association *622 could bring a class action under this rule. Nothing herein limits any statutory or common-law right of any individual homeowner or class of homeowners to bring any action which may otherwise be available. An action under this rule shall not be subject to the requirements of rule 1.220.
Rule 1.222 was created by the supreme court in 1988 when the court declared unconstitutional most of section 723.079(1), Florida Statutes (1985). See Lanca Homeowners, Inc. v. Lantana Cascade of Palm Beach, Ltd., 541 So.2d 1121 (Fla.1988). Since 1988, there has been little case law addressing this rule.[2]
Most class actions are governed by Florida Rule of Civil Procedure 1.220. Because rule 1.222 expressly states that an action under that rule is not subject to the requirements of rule 1.220, Amber Glades did not allege every matter required by rule 1.220. It did not file a motion to certify a class.
The defendant, Leisure, responded to the complaint by filing a motion to determine claims and defenses maintainable as a class action. Leisure wanted the trial court to determine a class, make Amber Glades the class representative, and send notices of the class action to the members of the class. Amber Glades maintained that no notice was required or should be sent to the affected mobile homeowners.
The trial court granted Leisure's motion. It entered an order certifying a class of all mobile homeowners in the park on February 26, 2003, designating Amber Glades as the class representative, requiring notification of the class, and allowing members of the class to opt out. The notice approved by the trial court cautions the mobile homeowners that they may be jointly and severally liable for an award of attorneys' fees if Amber Glades does not prevail in this action. This is the order on review in this appellate proceeding.

II. THE UNUSUAL TACTICS BY BOTH PARTIES IN THIS ACTION
It should occur to the reader that the positions of the parties in this case are oddly backwards. Normally, the plaintiff in an action eligible for class action treatment seeks an order creating a class and wants to become the class representative. Normally, the defendant opposes the creation of a class and appeals the order certifying the class. There is a rational explanation why the parties in this case are taking positions opposite the positions usually taken in class actions. The explanation centers on the risk of an adverse judgment awarding attorneys' fees and costs in an action filed under chapter 723, Florida Statutes (2003).
Mobile home parks are heavily regulated by the state. The legislature has actually preempted this subject. See § 723.004, Fla. Stat. (2003). When litigation results under chapter 723 between private parties, the prevailing party is typically entitled to receive an award of reasonable attorneys' fees. See § 723.068, Fla. Stat. (2003). Most owners of mobile home parks have assets that could be used to pay an award of fees if the mobile homeowners prevail in a lawsuit. Many *623 mobile homeowners, however, have limited assets. They may be unable to pay a judgment awarding fees. The risk of losing a lawsuit under chapter 723 could easily cause mobile homeowners to choose to forego litigation.
Rule 1.222 was modeled on rule 1.221, which permits similar actions by condominium associations. There is, however, a considerable difference between a condominium association and the typical mobile homeowners' association. All condominium owners are members of the association. See § 718.111(1)(a), Fla. Stat. (2003). A condominium association usually has significant assets and powers. See § 718.111, Fla. Stat. (2003). The condominium association generally has insurance to protect itself from claims. See § 718.111(11), Fla. Stat. (2003). By contrast, only two-thirds of the mobile homeowners in a park must join a mobile homeowners' association. See § 723.075, Fla. Stat. (2003). A mobile homeowners' association has fewer powers than a condominium association and is likely to have modest assets. It is far less likely to have insurance to cover a claim against the association. See § 723.079, Fla. Stat. (2003).
Thus, Amber Glades may have little to lose if a judgment is entered against it. Amber Glades' attorneys have named no mobile homeowners as plaintiffs. They want to maintain this lawsuit in a manner by which the mobile homeowners are not parties in the hopes that these mobile homeowners will have no risk of personal judgments entered against them if they lose. So long as a mobile homeowners' association is judgment proof, if it is the only party against whom fees and costs may be imposed, then an action under chapter 723 does not effectively invoke a prevailing party attorneys' fee rule because the assets of the respective parties make the risk one-sided.
Leisure's attorneys want to take all legal steps that will create some risk for the mobile homeowners who seek to benefit by this lawsuit. Thus, Leisure wants notices sent to all of the mobile homeowners, telling them that they may be personally liable for attorneys' fees unless they opt out of the litigation. Leisure clearly hopes that such notices will cause dissension within the ranks of the homeowners and convince some of them to drop out of the lawsuit.

III. THE NATURE OF AN ACTION BROUGHT BY A MOBILE HOMEOWNERS' ASSOCIATION UNDER RULE 1.222
The tactics of the parties in this case demonstrate two distinctly different interpretations of rule 1.222. Neither interpretation is obviously incorrect. We are not required to select the appropriate interpretation at this time, but a description of the two interpretations is useful. Ultimately, some court will undoubtedly be called upon to select the proper interpretation.
Amber Glades emphasizes the first and final sentences in rule 1.222. Those provisions essentially state that a mobile homeowners' association may maintain a lawsuit "in its name on behalf of all homeowners concerning matters of common interest," and that the action is not subject to the rules regulating class actions. Amber Glades, thus, views the typical mobile homeowners' association lawsuit like a wrongful death action in which a personal representative brings the action "for the benefit of the decedent's survivors and estate." See § 768.20, Fla. Stat. (2003). In the wrongful death context, notification of the survivors is not formally regulated by the trial court and the survivors have no risk that attorneys' fees or costs will be imposed against them. See Johnson v. *624 Schneegold, 419 So.2d 684 (Fla. 2d DCA 1982) (surviving parents not liable for costs in unsuccessful wrongful death action brought by child's personal representative). Amber Glades reads the references to class actions in this rule as creating an exceptional category of actions in which the association is treated as a class representative due to the size of the class or some other circumstance.
Leisure views rule 1.222 as mandating a class action in all actions filed by a mobile homeowners' association, except in the unusual case where the mobile homeowners' association owns common property in the mobile home park and the lawsuit involves that property. Leisure has a different interpretation than Amber Glades of the critical sentence: "If the association has the authority to maintain a class action under this rule, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this rule." Essentially, Leisure views this rule as stating: "Only if the association has authority to maintain a class action as a class representative of the mobile homeowners may it maintain an action on their behalf." Leisure also believes that fees and costs may be imposed against class members in an action under rule 1.222 if the mobile home park owner prevails. This interpretation maximizes the likelihood that Leisure will obtain a judgment that is binding on most, if not all, mobile homeowners while minimizing the number of lawyers representing those mobile homeowners.
The final sentence in rule 1.222 states: "An action under this rule shall not be subject to the requirements of rule 1.220." The problem with this sentence is that it does not state what requirements a trial court can appropriately impose in an action under rule 1.220. Certainly when the action is the equivalent of a typical class action, some requirements must be imposed. Whether those requirements may be created by an order comparable to an order certifying a class under rule 1.220 is simply not resolved by the rule or the case law.
The final sentence in rule 1.222 also makes the nature of this court's jurisdiction uncertain. Both of the parties have treated this proceeding as an appeal from a nonfinal order that certifies a class. See Fla. R.App. P. 9.130(a)(3)(C)(vi). We are inclined to believe that this treatment is probably correct. On the other hand, this order has not been entered in a class action filed pursuant to rule 1.220. If an action under rule 1.222 is "not subject to the requirements of rule 1.220," we are not entirely certain that the order on appeal is actually an order certifying a class. We decline to reach this issue because the result we achieve in this case could as easily be achieved if we treated the matter as a petition for common law certiorari.

IV. THE PARTIES' ASSUMPTIONS CONCERNING CLASS REPRESENTATION AND MATTERS OF COMMON INTEREST
Neither Leisure nor Amber Glades is appealing a determination that Amber Glades is an appropriate class representative for all mobile homeowners. Both parties to this appeal are assuming that Amber Glades is an appropriate class representative and that the issues in this action are matters "of common interest" to the mobile homeowners. To some extent, these assumptions have made it more difficult for this court to resolve this appeal because it is likely that some of the mobile homeowners would not agree with these assumptions.
*625 Because this is not a standard class action, the trial court has received no evidence and has not actually made a factual decision that Amber Glades would be an adequate class representative for the issues raised in this lawsuit. It appears that the trial court has assumed that it has no discretion concerning this issue in an action filed under rule 1.222. Of course, at this point, none of the mobile homeowners have been formally noticed about this action and none of them have chosen to intervene as full parties to this action. The mobile homeowners have had no opportunity to object to the order that makes Amber Glades their class representative.
From the pleadings, we assume that this case involves three important factual circumstances. First, Amber Glades is a nonprofit association whose membership does not include all persons who owned mobile homes in the park on February 26, 2003. Second, there must be a few unidentified mobile homeowners who are under the age of fifty-five and whom Amber Glades wishes to remove from the park. Third, there must be a few unidentified mobile homeowners who have pets that Amber Glades wishes to remove from the park.
Despite the trial court's order, it seems obvious that Amber Glades is in no position to represent a class including people under the age of fifty-five and all pet owners. If the mobile homeowners, as a class, include members that will be harmed by the judgment sought by Amber Glades, Amber Glades certainly cannot represent all of them.
If Amber Glades is not in a position to represent the entire class of mobile homeowners, then it would also seem that some of the issues raised in this lawsuit are not matters "of common interest." If that is the case, then the lawsuit might not be appropriate for class litigation under rule 1.222. See Douglas, 574 So.2d at 294; Malco, 854 So.2d at 757.
Even on the issue of allegedly excessive lot rentals, an issue that would appear to affect all mobile homeowners, Amber Glades has not specifically alleged that it continues to have written authorization from a majority of the mobile homeowners to represent them in this proceeding. See § 723.037(1), Fla. Stat. (2003). It has alleged that it has complied with all conditions precedent. In Malco, we did not enforce this statute because the dispute over the mediation agreement was not covered by section 723.037(1); we did not hold that the statute was unconstitutional or otherwise ineffective. Section 723.037(1) requires written authorizations to commence mediation. It is unclear in the statute whether a mobile homeowners association must also have such authorization to bring a lawsuit once the mediation fails. See § 723.0381, Fla. Stat. (2003). However, without such authorization, if a significant percentage of the mobile homeowners are not members of the association, there is risk that the association could file a lawsuit that is not actually supported by a majority of the mobile homeowners. We are concerned that the trial court should not assume that the dispute over the lot rental increase is a matter of common interest without some evidence to support that claim.
These issues contribute to our decision that the trial judge does have authority to require Amber Glades to formally notify the affected mobile homeowners about this pending lawsuit. Contrary to Amber Glades' position, we conclude that the absence of express procedures in rule 1.222 does not deprive the trial court of discretion to take such steps. On the other hand, we emphasize that our affirmance in this appeal should not be interpreted as a *626 ruling on these issues. They can be resolved in the litigation at a later stage.

V. LIABILITY FOR ATTORNEYS' FEES IN AN ACTION UNDER RULE 1.222
The notice of class action that the trial court has approved for use in this case states:
If you do not request exclusion, you will be bound by the terms of any judgment issued by the court or any settlement agreement reach by the parties. You may also be liable for attorney's fees and costs associated with the litigation.

From the record, it is not clear whether the trial court included the underlined language as a special rule applying only to a rule 1.222 class action and not to other class actions. In a typical class action under rule 1.220, class members are not treated like full parties. Class members are sometimes referred to as "quasi-parties." See 59 Am.Jur.2d Parties § 159 (2002); 67A C.J.S. Parties § 38 (2002). They do not have the full rights and responsibilities of standard parties. They may, for example, have no independent right to appeal some orders in the class action. See 9 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 15A Federal Practice and Procedure § 3902.1 (2d ed. Supp.2004).
When a typical class action does not result in a favorable outcome for the class and a resulting fund of money, courts have not generally allowed costs and attorneys' fees to be assessed against the class members. The Wright, Miller, and Kane treatise states:
When there is no fund or monetary recovery, a question arises as to whether the class members may be assessed for the fees. One district court has held that class members who do not request exclusion are not "parties" and thus they cannot be liable for costs or expenses assessed against the representative parties. Other courts have ruled that they cannot enter an in personam judgment for fees against the individual class members. This conclusion was reached on the ground that a judgment for fees would be inconsistent with due process because the members had not been served and were not before the court, except through the person of the representative who had hired the attorneys and was not an adequate representative on that issue.
5 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7B Federal Practice and Procedure § 1803 (2d ed. Supp.2004) (footnotes omitted). The Model Class Actions Act permits fees and costs only against the representative parties and those class members who appear individually in an unsuccessful class action. See 59 Am Jur.2d Parties § 122; Uniform Law Commissioners' Model Class Actions Act § 16, 12 U.L.A. 119 (1976). The Third District has reversed an order awarding fees against the members of a condominium association, although it is not clear that the case was similar to the situation before us. See Meyer v. Scutieri, 539 So.2d 602 (Fla. 3d DCA 1989).
In light of the limited assets of a mobile homeowners' association and the nature of the class, it is arguable, as a matter of public policy, that fees and costs should be awardable against the mobile homeowners in an unsuccessful action against a mobile home park owner. This court, however, is not entirely convinced that the members of a class who do not opt out of such an action are parties to the action in a manner that would permit them to be named individually in a judgment awarding attorneys' fees to the opposing party. The notice that the trial court plans to send to the mobile homeowners strongly suggests *627 that, without service of process, the mobile homeowners will become full parties to this lawsuit represented by Amber Glades' attorneys unless they take the affirmative step of opting out.
At this point, we conclude that the question of attorneys' fees and costs does not create an issue that is ripe for review.[3] We express our concerns in dicta so that the trial court is not misled into believing that our affirmance is an approval of the entire content of the notice of class action that the trial court intends to use.

IV. OUR LIMITED RULING
The trial court has entered an order requiring Amber Glades to notify all affected mobile homeowners of this action. In light of the foregoing discussion, such notification would seem to be an excellent idea, if not a step essential to achieve minimum requirements of due process. We conclude that the trial judge has discretion to take such steps in the absence of more specific procedures in rule 1.222.
As to the rights and responsibilities of these mobile homeowners in the ongoing lawsuit, we conclude that under the unusual circumstances in this case, the numerous issues and concerns raised by the order on appeal are not ripe for review. The people most affected both by the questionable portions of the order and by the legal propositions contained in the notice to the mobile homeowners are those mobile homeowners. They have had no opportunity to appear as members of the class or to intervene as full parties. Presumably one or more mobile homeowners will contest the provisions of these orders, and these issues can be reviewed thereafter.
Accordingly, we approve the trial court's decision to notify the mobile homeowners of the lawsuit and express no opinion on the content of that notification.
Affirmed.
CASANUEVA, J., and THREADGILL, EDWARD F., Senior Judge, concur.
NOTES
[1] The complaint names as a party the State of Florida Department of Business and Professional Regulation, Division of Florida Land Sales, Condominiums and Mobile Homes. Our record in this interlocutory appeal does not establish whether that entity has been served in the trial court proceeding. It appears that the trial court may have dismissed the only count involving that entity. The Department has not participated in this appeal.
[2] Only two cases appear to address any aspect of this rule. In Douglas v. River Grove "I" Mobile Homeowners Ass'n, 574 So.2d 293 (Fla. 5th DCA 1991), the court held that the park owner was entitled to attorneys' fees in a case that was not proper for a class action under rule 1.222 because the issues were not of common interest to all lot owners. In Malco Industries, Inc. v. Featherock Homeowners Ass'n, 854 So.2d 755 (Fla. 2d DCA 2003), this court held that a dispute over a mediation agreement was not a matter of common interest.
[3] Only Leisure has filed a motion for appellate attorneys' fees in this case. We grant this motion contingent upon Leisure prevailing in the trial court. However, we grant this motion only against Amber Glades and not against the individual mobile homeowners because they are not parties and have not been formally noticed concerning this appeal.