STATE OF FLORIDA, ex rel. CITY OF WEST PALM BEACH in Palm Beach County, Florida, *Petitioner,* v. C. E. CHILLINGWORTH, as Judge of the Circuit Court for Palm Beach County, Florida; WILLIAM B. LOERY, WILLIAM J. HARE, JR., JOHN E. MURDOCK, ALFRED T. ALLIN, and LEONARD J. SCHMELZ, co-partners doing business under the firm name and style of HARE & CO., *Respondents.*

En Banc.

Opinion filed August 1, 1930.

*J. Mark Wilcox,* for Petitioner.

*E. J. L'Engle, F. P. Fleming* and *J. W. Shands,* for Respondents.

TERRELL, C. J.—Pursuant to Chapter 9943, Acts of 1923, and Chapter 11855, Acts of 1927, Laws of Florida, Petitioner issued its refunding bonds numbered from one to Two Thousand Five Hundred Sixty-nine (2,569) both inclusive, said bonds being in denomination of one thousand dollars each bearing interest at six per cent per annum payable serially on November first each year from 1930 to 1952, both inclusive.

Respondents except the Judge were the owners of bonds numbered, one to twenty of said issue and in July 1930 brought an action at common law in the Circuit Court of Palm Beach County to recover the fifth installment of interest due thereon. A demurrer to the declaration raising the sole question of jurisdiction was overruled and Petitioner filed its suggestion for writ of prohibition in this court. A rule *nisi* was issued and directed to Respondents commanding them to show cause why the writ of prohibition should not issue. The cause now comes on to be heard by us on a demurrer to and motion to quash and discharge the suggestion and the rule *nisi*.

The twenty interest coupons which constitute the basis of the common law action aggregate six hundred dollars. As to the value of the amount involved the minimum jurisdiction of Circuit Courts in this state is five hundred dollars. The sole question presented here for us to answer is whether or not the twenty interest coupons on which the common law action below was predicated can be aggregated so as to bring the amount involved within the jurisdiction of the Circuit Court.

There is a lack of harmony among the courts of this country on the question of whether or not several causes of action may be combined to bring a case within the jurisdiction of the court. Some courts hold that jurisdiction is fixed by the amount of each separate demand while others hold that certain demands may be aggregated to determine jurisdiction. Winer v. Blytheville Bank, 89 Ark. 435, 117 So. W. 232, 131 A. S. R. 102 seems to be the leading case supporting the former view. This court is however committed to the rule, that if the demands from their nature or character are joint or composite, or are in some way related to each other or arise out of the same transaction, circumstances, or occurrance they

may be aggregated to confer jurisdiction. Burkhart v. Gowin, 86 Fla. 376, 98 So. R. 140; Henderson Lumber Co. v. Croft, 89 Fla. 119, 103 So. R. 414; Martin v. Goode, 11 N. C. 288, 16 So. E. R. 232, 32 A .S. 799; Com. v. Scott, 112 Ky. 252, 65 So. W. R. 596, 55 L. R. A. 597, 7 R. C. L. 1055, 15 C. J. 771 and cases cited. This seems to be the prevailing rule throughout the country but where the claims are substantive and are not in their nature joint or composite and do not arise out of the same transaction, circumstances, or occurrences and are not consequent upon a continuous course of dealing as evidenced by an open account or a continuing contract and are in no way related but represent distinct and wholly independent demands they cannot be aggregated to confer jurisdiction.

The rule is also well settled that when several parties sue jointly for the recovery of money or property claiming under a common right and the adverse party is wholly unaffected by the manner in which it may be apportioned in case of recovery it is the aggregate sum of their several claims which determined the amount in controversy but persons having distinct and separate interest cannot join their actions for the purpose of making the jurisdictional amount to appear. Green County v. Thomas, 211 U. S. R. 598, 53 Law Ed. 343; Stanwood v. Wishard, 134 Fed. R. 959; Gorley v. Louisville, 104 Ky. 372, 65 So. W. R. 844, 15 C. J. 771 and cases cited.

The record discloses that the interest coupons out of which this action arose were attached to twenty refunding bonds out of an issue of twenty-five hundred sixty-nine of like tenor and effect all of which were issued by Petitioner at the same time for the purpose of evidencing a loan. Respondents except the Judge were the owners of these coupons. Under such circumstances the demands are affected by a common right, they are related and arise

out of the same transaction and may be aggregated to determine the matter of jurisdiction.

This being our view it follows that the demurrer to the suggestion and rule *nisi* must be and is hereby sustained and the rule discharged.

WHITFIELD, ELLIS, STRUM and BUFORD, J. J., Concur.