266 So.2d 78 (1972)
The CURTIS PUBLISHING COMPANY, and the Saturday Evening Post Company, Appellants,
v.
Robert BADER, On Behalf of Himself and All Others Similarly Situated, Appellees.
Nos. 72-143, 72-186.
District Court of Appeal of Florida, Third District.
August 8, 1972.
Rehearing Denied September 20, 1972.
*79 McCarthy, Steel, Hector & Davis and Dennis G. King, Blackwell, Walker & Gray, Miami, for appellants.
Hilery F. Silverman, Miami, for appellees.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The appellee, alleging partial failure of consideration by reason of the termination of publication of The Saturday Evening Post during the period of his prepaid subscription and claiming damages therefor in the amount of $3.95, filed a civil (law) action in the circuit court of Dade County for recovery thereof, for himself and for all other such subscribers in the United States similarly situated.
Defendants moved to dismiss on the ground that the court was without jurisdiction because the amount sued for by the plaintiff ($3.95) was less than the $5,000 minimum jurisdictional amount of the circuit court, and because that jurisdictional requirement could not be met by aggregating such three or four dollar damage claims of the purported members of the class.
The trial court denied the motion to dismiss, thereby holding that such small damage claims of the (class) plaintiffs could be aggregated to make up the jurisdictional $5,000 requirement of the circuit court. By a separate order the trial court limited the class to all such subscribers who were residents of Florida, and denied defendants' motion to transfer the action to the indicated court of lesser jurisdiction. The defendants Curtis Publishing Company and The Saturday Evening Post Company appealed from those orders.
The ruling of the trial court on the jurisdictional question was error, and we reverse on authority of State ex rel. City of West Palm Beach v. Chillingworth (1930) 100 Fla. 489, 129 So. 816; Wilson v. First National Bank of Miami Springs (Fla.App. 1971) 254 So.2d 362. It follows that the denial of motion to transfer was error.
The orders appealed from are reversed and the cause is remanded for further proceedings consistent herewith.