621 So.2d 551 (1993)
PLANTATION GENERAL HOSPITAL LIMITED PARTNERSHIP, Petitioner,
v.
Bruce A. JOHNSON, Martha Rich, Alfred Schempp and Judith Osit, for themselves and all others similarly situated, Respondents.
No. 93-0059.
District Court of Appeal of Florida, Fourth District.
July 14, 1993.
Kevin J. Murray and Deborah A. Sampieri, of Kenny, Nachwalter, Seymour, Arnold & Critchlow, P.A., Miami, for petitioner.
Herbert T. Schwartz, of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, and Richard G. Collins, of Richard G. Collins, P.A., Delray Beach, and Stephen A. Scott, of Stephen A. Scott, P.A., Gainesville, for respondents.
FARMER, Judge.
Four former patients of Plantation General Hospital have sued the hospital in a class action, claiming that the hospital routinely and as a matter of practice overcharged each of them for pharmaceuticals, medical supplies and laboratory services. The hospital bills for each of these patients were attached to the complaint, and the total amounts of each plaintiff's bill ranged from $1,500 to $13,000. They did not state the amount of the overcharge any one of them had suffered, but they did make a general allegation that some of the members of the putative class have claims greater than the jurisdictional minimum.[1] Absent was any allegation that any of the class representatives had such a claim. In sum, they alleged that the aggregate of all claims of all class members exceeds the jurisdictional minimum.
The hospital moved to dismiss the action on the basis that the circuit court lacks jurisdiction over the action. The trial court denied the motion but granted a stay to allow the hospital to seek certiorari review of the order of denial. The hospital filed a petition for common law certiorari, which we elected to treat as seeking a writ of prohibition. We grant the writ.
*552 To begin, we view the absence of the critical allegation  that any of the named class representatives who filed the suit has an overcharge claim greater than $10,000  as a tacit admission that none of them can claim that much. Hence, we construe the pleadings to mean that none of the class representatives has a claim within the jurisdictional minimum of the circuit court. The issue then becomes whether the plaintiffs can stack claims to meet the minimum. We do not believe they can.
The issue turns on whether their claims are legally considered joint, as opposed to separate and distinct. It is clear to us from the complaint that the only connection between the plaintiffs and the class members, and indeed the only thing they have in common, is that they were all overcharged.[2] That is not the kind of joint claim of right, however, that allows stacking of individual claims for jurisdictional purposes.
Plaintiffs seek to torture State ex rel. City of West Palm Beach v. Chillingworth, 100 Fla. 489, 129 So. 816 (1930), and Burkhart v. Gowin, 86 Fla. 376, 98 So. 140 (1923), into a meaning that would allow these claims to be aggregated because they "are in some way related to each other."[3] In Burkhart, the defendant had given three separate promissory notes to the plaintiff, each of them for face amounts less than $500, then the jurisdictional limits of the circuit court. The trial judge dismissed plaintiff's suit in which he stacked the three claims to meet the limit. In affirming the dismissal, the Supreme Court said:
The organic limitations as to jurisdiction cannot be violated by splitting demands, or by aggregating demands that are in fact not joint or composite, and that are in no way related, but are wholly distinct and several in their character. * * * [S]everal claims, no one of which is in amount within the jurisdiction of the court, may be aggregated to confer jurisdiction, if the claims from their nature or character are joint or composite or are in some way related to each other, or arise out of the same transaction or circumstances or occurrence, and the sum of the claims makes the requisite jurisdictional amount. But where substantive claims are not in their nature or character joint or composite, and do not arise out of the same transaction, circumstances, or occurrence, and are not consequent upon a continuous course of dealing as evidenced by an open account, or a continuing contract, or other appropriate means, and the claims are in no way related, but are several, distinct, and wholly independent demands, whether ex contractu or ex delicto, they may not be aggregated to give jurisdiction, as this would violate the organic limitations as to jurisdictional amounts. [e.o.]
98 So. at 142. The same idea was repeated in Chillingworth.
The meaning of the words "in some way related to each other" is found in the examples used by the court to illustrate its point. The court stressed "a continuous course of dealing as evidenced by an open account, or a continuing contract * * *." While these illustrations may apply to dealings between the same parties, they plainly do not apply to separate and isolated transactions between one party and several other parties unrelated to one another and not jointly *553 participating in the transactions with the others. We do not think that the exception in Burkhart and Chillingworth would apply to this class even if every one of its members had presented at the hospital at precisely the same moment, complaining of precisely the same ailment and demanding admission.
We therefore conclude that the circuit court lacks subject matter jurisdiction to consider the class's claims.[4] That does not leave them without a remedy, of course. It simply means that they must bring their suit in the County Court.[5]
PROHIBITION GRANTED; CAUSE TRANSFERRED TO COUNTY COURT.
HERSEY, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
In my judgment the circuit court has jurisdiction to consider a class action in which the monetary claims of the individual Plaintiffs do not separately reach the minimum amount necessary for circuit court jurisdiction. I would affirm the trial court order that denied Petitioner's motion to dismiss for lack of jurisdiction.
Petitioner contends that the county court has exclusive jurisdiction of this class action because claims cannot be "aggregated" in order to meet the circuit court jurisdictional minimum. Respondents' right to bring a class action is not the issue in this petition. In considering the petition then, we must deem a class action to be appropriate here and focus solely on the issue of whether this class action must be brought in county rather than circuit court.
The Respondents assert that jurisdiction properly lies in the circuit court because class actions are traditionally cognizable in courts with equity jurisdiction and because they seek a unified judgment on behalf of the class which will total well in excess of the circuit court threshold, probably involving millions of dollars.
In State ex rel. City of West Palm Beach v. Chillingworth, 100 Fla. 489, 129 So. 816 (1930), the supreme court discussed the general circumstances under which claims may be aggregated to satisfy a trial court's jurisdictional minimum. There, the court permitted combining the claims of individual bondholders seeking payment of interest due on their bonds, recognizing that jurisdiction need not be limited by the amount of each separate demand. The court said:
This court is, however, committed to the rule that, if the demands from their nature or character are joint or composite, or are in some way related to each other or arise out of the same transaction, circumstances, or occurrence, they may be aggregated to confer jurisdiction... . but, where the claims are substantive and are not in their nature joint or composite and do not arise out of the same transaction, circumstances, or occurrences, and are not consequent upon a continuous course of dealing as evidenced by an open account or a continuing contract, and are in no way related, but represent distinct and wholly independent demands, they cannot be aggregated to confer jurisdiction.
The rule is also well settled that, when several parties sue jointly for the recovery of money or property claiming under a common right, and the adverse party is wholly unaffected by the manner in which it may be apportioned in case of recovery, it is the aggregate sum of their several claims which determined the *554 amount in controversy, but persons having distinct and separate interests cannot join their actions for the purpose of making the jurisdictional amount to appear. [citations omitted]
Id. at 491-92, 129 So. at 817-18. I cannot conclude that a class action of this nature does not meet the Chillingworth criteria.
I acknowledge that there is no Florida case, statute, or rule specifically placing general jurisdiction over class actions in the circuit court. I also recognize that the Third District, in Curtis Publishing Co. v. Bader, 266 So.2d 78 (Fla. 3d DCA), cert. denied, 271 So.2d 142 (Fla. 1972), held that a class action could not be brought in the circuit court by aggregating the damages of the class members, which were prepaid subscription damages of $3.95 each, citing Chillingworth. However, Bader was overruled by the supreme court in Frankel v. City of Miami Beach, 340 So.2d 463 (Fla. 1976). Unfortunately, the court in Frankel did not specifically address the "aggregation" issue as such.
In City of Miami v. Keton, 115 So.2d 547 (Fla. 1959), the supreme court, also without specifically addressing the concept of "aggregation," approved a class action challenging the imposition of hundreds of thousands of traffic fines. Obviously no individual fine alone would be large enough to confer monetary jurisdiction. As here, the plaintiffs in that case sought damages and declaratory relief; in Keton, however, there was also a prayer for an injunction. As in Frankel and Keton, the individual claims in the instant case are founded on essentially common facts and issues of law.
Class actions are generally considered cognizable in courts having equity jurisdiction. Cf. Tenney v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188 (1942). Circuit courts have jurisdiction in all cases in equity. See State ex rel. Landis v. Circuit Court for Eleventh Judicial Circuit of Florida, 102 Fla. 112, 135 So. 866 (1931); § 26.012(2)(c), Fla. Stat. (1991). Certainly county courts, since the 1990 amendment to section 34.01, Florida Statutes, have jurisdiction to consider matters cognizable in equity in cases over which the county court otherwise has jurisdiction. That statute provides:
(4) Judges of county courts may hear all matters in equity involved in any case within the jurisdictional amount of the county court, except as otherwise restricted by the State Constitution or the laws of Florida.
I note an obvious tension between section 34.01 and section 26.012(2)(c), Florida Statutes, which provides that circuit courts have exclusive jurisdiction in all cases in equity. See Spradley v. Doe, 612 So.2d 722 (Fla. 1st DCA 1993). However, there is no reason to interpret section 34.01(4) so broadly as to deprive circuit courts of jurisdiction to hear a class action lawsuit simply because none of the individual claims would be large enough to sustain circuit court jurisdiction if there were no class. Additionally, the use of "may" in section 34.01(4) supports the view that the legislature did not intend to deprive circuit courts of existing jurisdiction by recognizing that there are appropriate instances where county courts may exercise incidental equity jurisdiction. Although circuit court jurisdiction obviously is no longer "exclusive," for the legislature to deprive circuit courts of otherwise recognized jurisdiction would require a clear statement to that effect. Cf. English v. McCrary, 348 So.2d 293 (Fla. 1977). But see Spradley.
NOTES
[1] The suit was commenced after July 1, 1990 but before July 1, 1992. Under section 34.01(1)(c)3, Florida Statutes (1991), the county court has exclusive jurisdiction of causes of action accruing during that period in which the amount in controversy does not exceed the sum of $10,000.
[2] For purposes of the motion to dismiss on jurisdictional grounds, we accept plaintiffs' wellpled allegation that the defendant did overcharge them.
[3] Plaintiffs argue that the circumstances satisfy all of the prerequisites for class action treatment and thus, ipso facto, also satisfy any legal requirements for stacking their claims to meet the jurisdictional minimum. But subject matter jurisdiction and the requirements for class action treatment are entirely separate concepts. The mere fact that the latter is satisfied does not assure the former. Moreover, there is nothing in section 34.01(4), Florida Statutes (1991), that purports to obliterate the distinction between subject matter jurisdiction and class action treatment on equitable grounds. The mere fact that the class action device originated in equity hardly yields the conclusion that all class actions are inherently within a court's equitable jurisdiction. Even if it did, the real meaning of section 34.01(4) is that the county court has exclusive jurisdiction over the equitable aspects of any claim not exceeding $10,000 accruing during the applicable time period.
[4] Plaintiffs also argue that their declaratory judgment claim gives the circuit court subject matter jurisdiction over the entire action. We reject out of hand the argument that all declaratory judgment claims are, in and of themselves, within the equitable jurisdiction of the circuit court. Section 86.011, Florida Statutes (1991), expressly provides that the "circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights * * *." This provision simply means that, where the subject of the declaratory judgment action involves an amount in controversy that does not exceed the sum of $15,000, the action must be brought in the county court.
[5] We stress that this is not a matter of personal preference or judicial philosophy, but only a construction of the jurisdictional provisions set down in the constitution and statutes. If the legislature wants the circuit courts to take on class actions of the kind involved here, it can always change the law to allow them to do so.