STONE, Judge.
We reverse the summary final judgment as to three of the Appellees, Toepfer, Roberts, and Czocher, because of lack of circuit court subject matter jurisdiction. Following the entry of the April 22, 1992, Final Order Dismissing with Prejudice Counts I, II, III, and IV of Complaint, the amount in controversy as to each of those causes of action was below the jurisdictional limit; consequently, the action should have been transferred to County Court. Occidental Life Ins. Co. of Cal. v. Hernandez, 377 So.2d 808 (Fla. 3d DCA 1979); Emery v. Int’l Glass & Mfg. Inc., 249 So.2d 496 (Fla. 2d DCA 1971); § 34.01(l)(c)2, Fla.Stat. (1989); rule 1.060(a), Fla.R.Civ.P.
Jurisdiction also cannot be conferred by aggregating the distinct and independent claims of unrelated parties. See Plantation Gen. Hosp. Ltd. Partnership. v. Johnson, 621 So.2d 551 (Fla. 4th DCA 1993); State ex rel City of West Palm Beach v. Chillingworth, 100 Fla. 489, 129 So. 816 (1930).
Finding no error as to the summary judgment in favor of Kurian, the remaining Ap-pellee, the judgment as to her is affirmed. In all other respects the judgment is reversed and remanded for transfer to county court.
HERSEY, J., and DOWNEY, JAMES C., Senior Judge, concur.