629 So.2d 856 (1993)
GALEN OF FLORIDA, INC., etc., Appellant,
v.
Ansell R. ARSCOTT, et al., etc., Appellees.
No. 93-79.
District Court of Appeal of Florida, Fifth District.
August 13, 1993.
Opinion Denying Motion to Vacate or Dismiss December 3, 1993.
Rehearing Denied December 16, 1993.
Order Certifying Conflict January 21, 1994.
Edward M. Waller, Jr., Charles Wachter and Elizabeth A. Boland of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellant.
Herbert T. Schwartz of Cabaniss, Burke & Wagner, P.A., Orlando, Richard G. Collins of Richard G. Collins, P.A., Delray Beach, and Stephen A. Scott of Stephen A. Scott, P.A., Gainesville, for appellees.
PER CURIAM.
AFFIRMED.
See Lanca Homeowners, Inc. v. Lantana Cascade of Palm Beach, Ltd., 541 So.2d 1121 (Fla. 1988), cert. denied, 493 U.S. 964, 110 S.Ct. 405, 107 L.Ed.2d 371 (1989); Jones v. Thomas, 541 So.2d 112 (Fla. 1989), quashing 524 So.2d 693 (Fla. 5th DCA 1988).
GRIFFIN, DIAMANTIS and THOMPSON, JJ., concur.

ON MOTION TO VACATE OPINION AND TO DISMISS
GRIFFIN, Judge.
Appellant's "Motion to Vacate Opinion and to Dismiss Appeal and Circuit Court *857 Action for Lack of Subject Matter Jurisdiction" is denied. The essential question raised is whether the individual claims brought as a class action pursuant to Florida Rule of Civil Procedure 1.220 are aggregated to determine jurisdiction in circuit court.
We recognize the opinion of the Fourth District Court of Appeal in Plantation General Hospital Ltd. Partnership v. Johnson, 621 So.2d 551 (Fla. 4th DCA 1993). We agree with that court that neither State ex rel. City of West Palm Beach v. Chillingsworth, 100 Fla. 489, 129 So. 816 (1930), nor Burkhart v. Gowin, 86 Fla. 376, 98 So. 140 (1923), is very helpful based on their facts. On the other hand, Frankel v. City of Miami Beach, 340 So.2d 463 (Fla. 1976), partially overruling on other grounds, Curtis Publishing Co. v. Bader, 266 So.2d 78 (Fla. 3d DCA), cert. denied, 271 So.2d 142 (Fla. 1972), and City of Miami v. Keton, 115 So.2d 547 (Fla. 1959), provide at least a policy framework within which to consider the issue, and their facts suggest an answer. See also Tenney v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188 (1942). We also observe that although appellant now urges that there is no basis under Florida law for jurisdiction of this class action in circuit court, this issue was not raised until shortly after the Fourth District Court's opinion was published.
Unlike the Fourth District Court, we agree with courts of other states that have concluded that individual claims filed in a class action are aggregated to determine jurisdiction. Thomas v. Liberty Nat'l Life Ins. Co., 368 So.2d 254 (Ala. 1979); Judson School v. Wick, 108 Ariz. 176, 494 P.2d 698 (1972); Ackerman v. International Business Machines Corp., 337 N.W.2d 486 (Iowa 1983); Dix v. American Bankers Life Assurance Co. of Florida, 429 Mich. 410, 415 N.W.2d 206 (1987); Paley v. Coca-Cola Co., 389 Mich. 583, 209 N.W.2d 232 (1973). See also Newberg on Class Actions, § 13.24 at 13-69 (3d ed. 1992).[1] The fact that the class representative's claim alone does not exceed the jurisdictional threshold for circuit court is not fatal.
The class action rule contemplates a single judgment, not hundreds or thousands of judgments for each individual claim. Moreover, as is more fully discussed in the above-cited cases, given the purpose of the class action procedure and the size and complexity of the usual class action, we conclude that the class action rule contemplates that the amount of the claim of the entire class determines the dollar amount jurisdiction. Our circuit courts are designed to hear such complex cases; our county courts are not. If the aggregated individual claims do not exceed the $15,000 jurisdictional amount, the class action belongs in county court. If it exceeds the circuit court threshold, it belongs in circuit court.
We also observe the practical benefit of aggregation. In the present case, for example, claims span a five year time period from 1987 to 1992.[2] For that time period, section 34.01 has three different jurisdictional maximums for county court depending on the exact date when the cause of action accrued. Additionally, the equity jurisdiction of the court and the jurisdiction to entertain declaratory judgments applies only to causes of action accruing after October 1, 1990. Although this temporal complication will eventually expire, it would be contrary to the purpose of the class action rule to split claims in this way.[3] It would also be contrary to the purpose of the rule to fragment claims otherwise suitable for class action status based on the size of individual claims, which in this case may range from under $1,000[4] to more than $15,000. Indeed, given the recently enhanced jurisdiction of county court, the lack of aggregation would mean that most class actions in Florida would be maintained *858 in county court, with appeal to circuit court.
MOTION DENIED.
DIAMANTIS and THOMPSON, JJ., concur.

ON MOTION FOR CERTIFICATION
GRIFFIN, Judge.
At the request of appellees, we amend our December 3, 1993 opinion to certify that our opinion is in direct conflict with Plantation General Hospital Ltd. Partnership v. Johnson, 621 So.2d 551 (Fla. 4th DCA 1993) and NME Hospitals, Inc. v. Johnson, 621 So.2d 554 (Fla. 4th DCA 1993).
DIAMANTIS and THOMPSON, JJ., concur.
NOTES
[1] We agree with appellee that federal case law disallowing aggregation which has been decided in the context of diversity jurisdiction is inapplicable to this state law issue.
[2] The class representatives' claims accrued in 1990 and 1991.
[3] The class action rule is designed to facilitate unitary adjudication affecting numerous parties in common. Newberg, § 1324 at 13-70.
[4] Query whether, under appellant's reasoning, a class action involving thousands of claims under $2,500 would be controlled by the small claims rules? See Fla.Sm.Cl.R. 7.010-.020.