636 So.2d 547 (1994)
GALENCARE, INC., f/k/a Humhosco, Inc., d/b/a Brandon Hospital, Appellant,
v.
James E. BLANTON, and Sharonlee Pimental, for themselves and all others similarly situated, Appellees.
No. 93-02409.
District Court of Appeal of Florida, Second District.
April 29, 1994.
Edward M. Waller, Jr., Charles Wachter and Elizabeth A. Boland, Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellant.
Herbert T. Schwartz, Cabaniss, Burke & Wagner, P.A., Orlando, Richard G. Collins, Delray Beach, and Stephen A. Scott, Gainesville, for appellees.
FRANK, Chief Judge.
Galencare contends that the individual plaintiffs, Blanton, Pimental, and the persons represented by them in the action initiated pursuant to rule 1.220 of the Florida Rules of Civil Procedure, are not permitted to conjoin their claims in order to cross the circuit court's dollar threshold jurisdiction. We reject the argument, affirm the trial court, and align ourselves with the Fifth District Court of Appeal. In Galen of Florida, Inc. v. Arscott, 629 So.2d 856 (Fla. 5th DCA 1993), the Fifth District held that the circuit court's dollar jurisdiction may be satisfied by aggregating the value of each plaintiff's claim. In so doing we certify that our decision conflicts with that of the Fourth District Court of Appeal in Plantation General Hospital Ltd. Partnership v. Johnson, 621 So.2d 551 (Fla. 4th DCA 1993), review granted, 630 So.2d 1100 (Fla. 1993), and NME Hospitals, Inc. v. Johnson, 621 So.2d 554 (Fla. 4th DCA 1993), review granted, 630 So.2d 1100 (Fla. 1993).
Affirmed.
SCHOONOVER and BLUE, JJ., concur.