641 So.2d 58 (1994)
Bruce A. JOHNSON, et al., Petitioners,
v.
PLANTATION GENERAL HOSPITAL LIMITED PARTNERSHIP, Respondent.
Bruce A. Johnson, et al., Petitioners,
v.
NME HOSPITALS, INC., etc., Respondent.
Nos. 82237, 82238.
Supreme Court of Florida.
June 16, 1994.
Rehearing Denied August 18, 1994.
*59 Herbert T. Schwartz of Sullins, Johnston, Rohrbach and Magers, Houston, Richard G. Collins, Delray Beach, and Stephen A. Scott, Gainesville, for petitioners.
Kevin J. Murray, Deborah A. Sampieri and Paul C. Huck of Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector, P.A., Miami, and Jennifer S. Carroll of Metzger, Sonneborn & Rutter, P.A., West Palm Beach, for respondents.
Michael N. Brown and James S. Eggert of Allen, Dell, Frank & Trinkle, Tampa, amicus curiae for The Hillsborough County Hosp. Authority.
McDONALD, Senior Justice.
We review Plantation General Hospital Limited Partnership v. Johnson, 621 So.2d 551 (Fla. 4th DCA 1993) and NME Hospitals, Inc. v. Johnson, 621 So.2d 554 (Fla. 4th DCA 1993), which expressly and directly conflict with Galen of Florida, Inc. v. Arscott, 629 So.2d 856 (Fla. 5th DCA 1993). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We approve Galen and quash Plantation General and NME Hospitals.
A group of former patients of Plantation General Hospital and NME Hospital have sued the hospitals in a class action, claiming that the hospitals have systematically overcharged each of them for pharmaceuticals, medical supplies and laboratory services. The total bills for each patient ranged from $1,500 to $13,000, although the complaint did not allege the amount that the patients were overcharged. The complaint was filed in circuit court after July 1, 1990 but before July 1, 1992. Under section 34.01(1)(c)3, Florida Statutes (1991), the county court has original jurisdiction as to all causes of action accruing during that period if the amount in controversy does not exceed the sum of $10,000, exclusive of interest, costs, and attorney's fees.
The complaint alleged that some of the members of the putative class had claims greater than the jurisdiction minimum of $10,000. In both Plantation Hospital and NME Hospitals, the hospitals moved for dismissal on the grounds that the monetary amounts of the individual claims of the class representatives did not meet the jurisdictional requirements of the circuit court. The trial court denied their motions, and on appeal, the Fourth District Court of Appeal treated the matter as a petition for writ of prohibition. The Fourth District Court of Appeal held that the claims of the individual plaintiffs could not be aggregated to meet the jurisdictional minimum of the circuit court.
Respondents argue that we should follow the federal line of authority forbidding the aggregation of claims in a class action when the individual plaintiffs' claims are not jurisdictionally sufficient. In Zahn v. International Paper Company, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), four owners of lake-front property brought a diversity action in federal court on behalf of a class consisting of themselves and other lake-front property owners. Relying in part on Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), the Court held that each class member must satisfy the jurisdictional amount in order to maintain the suit. We acknowledge that Florida Rule of Civil Procedure 1.220, which establishes the guidelines for class actions, was modeled after Federal Rule of Civil Procedure 23. The Florida Bar re Rules of Civil Procedure, 391 So.2d 165 (Fla. 1980). Although the rules are similarly worded and often similarly interpreted, we find that the rationale for precluding aggregation of claims in the federal courts for diversity jurisdiction is not applicable to the state court class action. See Thomas v. Liberty *60 Nat. Life Ins. Co., 368 So.2d 254 (Ala. 1979).
Both Snyder and Zahn reasoned that individual claims should not be aggregated because such a policy would defeat Congress's intent to reduce the federal caseload in diversity actions. The Court also stated:
To allow aggregation of claims where only one member of the entire class is of diverse citizenship could transfer into the federal courts numerous local controversies involving exclusively questions of state law. In Healy v. Ratta, 292 U.S. 263 [54 S.Ct. 700, 78 L.Ed. 1248] (1934), this Court noted that by successively raising the jurisdictional amount, Congress had determined that cases involving lesser amounts should be left to be dealt with by the state courts... .
Snyder, 394 U.S. at 340, 89 S.Ct. at 1059. Thus, it is apparent that the federal courts have forbidden the aggregation of claims for reasons which simply are not applicable in state courts. Plaintiffs who cannot aggregate their claims in federal court are permitted to pursue their claims in state courts of general jurisdiction. But plaintiffs who are not permitted to aggregate their class action claims in circuit court have no alternative judicial forum in which they may seek effective relief. Judson School v. Wick, 108 Ariz. 176, 494 P.2d 698 (1972). As pointed out in Galen, the only alternative is the county court, which was not designed to manage cases that are as typically complex as class actions.
We believe that allowing the aggregation of claims in order to retain jurisdiction is consistent with this Court's decision in State ex rel. City of West Palm Beach v. Chillingworth, 100 Fla. 489, 129 So. 816 (1930). The claimants in Chillingworth owned bonds and brought an action in the circuit court seeking an installment of interest due on the bonds. The value of the aggregated claims was worth $600, but the minimum jurisdiction of the circuit courts at that time was $500. This Court stated that "if the demands from their nature or character are joint or composite, or are in some way related to each other or arise out of the same transaction, circumstances, or occurrence, they may be aggregated to confer jurisdiction." Id. at 491-92, 129 So. 816. Although Chillingworth is not directly controlling, we see no reason to digress from this precedent of permitting the aggregation of claims as long as the procedural and legal requirements for the class action are satisfied.
The purpose of the class action is to provide litigants who share common questions of law and fact with an economically viable means of addressing their needs in court. We believe that purpose is served best if jurisdiction is conferred on the circuit court when the aggregated claims of the class meet the monetary jurisdictional requirement even though an individual claim of a class member does not reach that threshold. Accordingly, we quash Plantation Hospital and NME Hospitals. We approve the reasoning expressed in Galen of Florida, Inc. v. Arscott, 629 So.2d 856, 856-58 (Fla. 5th DCA 1993) (Order on Motion to Vacate Opinion and Dismiss).
It is so ordered.
OVERTON, SHAW and KOGAN, JJ., concur.
GRIMES, C.J., concurs with an opinion.
HARDING, J., dissents with an opinion.
GRIMES, Chief Justice, concurring.
I agree that in a proper class action the individual claims of the class members may be aggregated to meet the monetary jurisdictional minimum of the circuit court. I write only to point out that in these cases it appears there has not yet been a determination of whether these claims are maintainable as a class action. See Fla.R.Civ.P. 1.220. In fact, in the order denying the motion to dismiss of NME Hospitals, Inc., the judge stated in pertinent part:
If ultimately the action is certified to be a class action, then the common issues between the parties would justify the aggregation of the claims and the court would have jurisdiction. In the event that ultimately a class action is not certified in this case, it would, in effect, be a finding that those individual claims do not have *61 sufficient issues in common to justify the aggregation of the claims and, at that point, the action would be dismissed. In short, the claims can only be aggregated in the event this complaint proceeds as a class action.
Thus, if it is ultimately determined that the cases cannot proceed as a class action, the circuit court will lose jurisdiction and the individual claims will have to be prosecuted in county court.
HARDING, Justice, dissenting.
I respectfully dissent. I would approve the decisions of the district court under review.