979 So.2d 276 (2008)
HERNANDO COUNTY, Hernando County Water, etc., et al, Petitioner,
v.
Nicholas J. MORANA and Ann L. Morana, Respondent.
No. 5D06-2243.
District Court of Appeal of Florida, Fifth District.
February 22, 2008.
Rehearing Denied April 21, 2008.
George G. Angeliadis and Thomas S. Hogan, Jr. of The Hogan Law Firm, Brooksville, for Petitioner, Karen Nicolai.
*277 Jon A. Jouben and Garth C. Coller, of Office of County Attorney, Brooksville, for other Petitioners.
Joseph M. Mason, Jr. and Carole Joy Barice of McGee & Mason, P.A., Brooksville, for Respondents.
ORFINGER, J.
Petitioners, Hernando County, Hernando County Water and Sewer District, Hernando County Board of Commissioners, Diane Rowden, Jeffrey Stabins, Hannah Robinson, Thomas Hogan, Sr., and Christopher Kingsley (collectively the "County") and Karen Nicolai, as Clerk of the Circuit Court, seek review of an order of the circuit court denying their joint petition for writ of prohibition[1] in which Petitioners sought to prevent the county court in the underlying class action from proceeding with the case based on a lack of subject matter jurisdiction.[2] Petitioners contend that because the aggregate amount of the individual claims exceeds the $15,000 monetary limit of the county court's jurisdiction, the county court lacks subject matter jurisdiction to consider the matter and should be prohibited from exercising jurisdiction over the class action suit. We agree and reverse.
From 1994 until 2003, the County regulated Florida Water Services, which provided water utility services for the Spring Hill region of Hernando County. To subsidize its regulatory obligations, the County charged Florida Water Services a franchise fee/regulatory assessment fee ("franchise fee") of four and one-half percent (4.5%) of the utility's gross receipts in Hernando County. Florida Water Services passed that cost onto its customers in their water bills. Apparently, Florida Water Services did not list the franchise fees as a separate line item on its customers' water bills, but instead, added that cost into the equation when computing the price of water. After collection, the County deposited the franchise fees into a trust fund maintained by the Clerk. In 2003, the County condemned Florida Water's Hernando County assets (the "Spring Hill System"). Thereafter, the County booked all receipts from its water customers as utility revenue. Over the life of the trust fund, approximately $4,400,000 in franchise fees was collected, of which almost $3,000,000 remains.
In 2004, Respondents, Nicholas and Ann Morana, on behalf of themselves and as representatives of approximately 35,000 customers of the Spring Hill System, filed a class action suit against the County and the Clerk in the county court, seeking (1) an accounting of all of the franchise fees deposited into the trust fund, (2) a refund of the franchise fees to the ratepayers, and (3) mandatory and prohibitory injunctions. Respondents claim that Petitioners collected excessive regulatory fees and that Petitioners made illegal expenditures from the fund. Petitioners seek a refund of all amounts paid. Respondents admit in their class action complaint that no individual class member's damages exceeds $5,000 and that the average reimbursement per class member is approximately $100.
*278 Respondents filed their class action in county court. Petitioners moved to dismiss for lack of subject matter jurisdiction, contending that the amount of franchise fees subject to the action exceeded $3,000,000. Hence, the county court lacked jurisdiction because it was not authorized to make an aggregate class action award in excess of $15,000. Following a hearing on Petitioners' motion, the county court denied the motion, concluding that aggregation of individual claims in a class action suit is permissive, not mandatory. Petitioners then filed their joint petition for writ of prohibition in the circuit court. The circuit court denied the petition, concluding that the aggregation of claims is permissive rather than mandatory. Petitioners timely appeal.
Section 34.01(1)(c), Florida Statutes, gives county courts original jurisdiction "[o]f all actions at law in which the matter in controversy does not exceed the sum of $15,000, exclusive of interest, costs, and attorneys fees. . . ." The circuit court has jurisdiction of all matters when the amount in controversy exceeds $15,000. See Art. V, § 20(c)(3), Fla. Const.; §§ 26.012(2)(a), 34.01(1)(c), Fla. Stat. (2007); see also Allen v. Walker, 810 So.2d 1090, 1092 (Fla. 4th DCA 2002) ("For purposes of subject matter jurisdiction, the circuit courts of Florida have jurisdiction over any action at law in which the matter in controversy exceeds $15,000, exclusive of interest, costs, and attorney's fees."). The question presented in this appeal is whether aggregation of the individual claims for purposes of determining subject matter jurisdiction is mandatory, as Petitioners argue, or permissive, as Respondents argue and the lower courts concluded.
This Court answered that question in Galen of Florida, Inc. v. Arscott, 629 So.2d 856 (Fla. 5th DCA 1993). In Galen, we held:
The class action rule contemplates a single judgment, not hundreds or thousands of judgments for each individual claim. . . . [G]iven the purpose of the class action procedure and the size and complexity of the usual class action, we conclude that the class action rule contemplates that the amount of the claim of the entire class determines the dollar amount jurisdiction. Our circuit courts are designed to hear such complex cases; our county courts are not. If the aggregated individual claims do not exceed the $15,000 jurisdictional amount, the class action belongs in county court. If it exceeds the circuit court threshold, it belongs in circuit court.

Id. at 857 (emphasis added). The Florida Supreme Court approved the reasoning of Galen in Johnson v. Plantation General Hospital Limited Partnership, 641 So.2d 58 (Fla.1994), holding that:
The purpose of the class action is to provide litigants who share common questions of law and fact with an economically viable means of addressing their needs in court. We believe that purpose is served best if jurisdiction is conferred on the circuit court when the aggregated claims of the class meet the monetary jurisdictional requirement even though an individual claim of a class member does not reach that threshold.

Id. at 60 (emphasis added).
As we did in Galen, we hold that if the aggregated individual claims of class plaintiffs do not exceed $15,000, exclusive of costs, interest and attorney's fees, the action belongs in the county court. If the aggregated class claims exceed the circuit court threshold, jurisdiction belongs exclusively in the circuit court. Because we conclude the trial court's order constitutes a departure from the essential requirements of law causing sufficient harm to *279 justify certiorari review, we grant the writ and quash the order of the circuit court denying the Petition for Writ of Prohibition.
WRIT GRANTED.
TORPY, J., concurs.
SAWAYA, J., dissents with opinion.
SAWAYA, J., dissenting.
In this case, the class action suit was filed in the county court and that is where the class members wish to keep it. They contend that none of the claims exceed the jurisdictional limit of the county court and that aggregation of those claims is not mandatory. Hernando County, a defendant in the class action proceedings, argues that aggregation of all individual claims is mandatory in all class action suits and, therefore, jurisdiction of the instant suit lies in the circuit court. The issue we must thus resolve is whether aggregation is permissive or whether it is mandatory in all class action cases.
The Florida Supreme Court has held that
the test for jurisdiction is twofold. In the first instance, the good faith demand of the plaintiff at the time of instituting suit determines the ability of the particular court to entertain the action. However, notwithstanding the bona fides of the plaintiff's demand at the time of institution of suit, as a matter of judicial power the county court is precluded from entering a judgment for damages in excess of its mandated jurisdiction.
White v. Marine Transp. Lines, Inc., 372 So.2d 81, 84 (Fla.1979); see also § 34.01(1)(c), Fla. Stat. (2007) (giving county courts original jurisdiction "[o]f all actions at law in which the matter in controversy does not exceed the sum of $15,000, exclusive of interest, costs, and attorneys fees. . . ."). I, therefore, adhere to the view that aggregation is permissive when the amount of each individual claim falls below the jurisdictional limit of $15,000 and when it is not necessary to enter a judgment in excess of that amount.
Turning to the first part of the White test, at the time the class action suit was instituted, the alleged improper fees had already been collected and deposited into an account by Hernando County and the class members want a refund of that money. The complaint filed in this case requests injunctive relief prohibiting Hernando County from collecting any further improper fees; injunctive relief prohibiting Hernando County from disbursing funds from the account in which the money previously collected is held; and an accounting requiring Hernando County to account for the pro rata share of each plaintiff owed a refund. The complaint also includes a count for damages for breach of fiduciary duty that does not exceed $15,000 for any plaintiff. While there may be three million dollars in the account or claimed as a refund when the individual claims are aggregated, the complaint clearly alleges that none of the plaintiffs will be entitled to an amount exceeding the jurisdictional limit of $15,000. In fact, the record clearly indicates that none of the individual claims will exceed $5,000 and that the average claim amount is $100. This is not disputed by Hernando County. Therefore, the good faith demands at the time the suit was instituted determine that jurisdiction properly lies in the county court.
Applying the second part of the White test, it is readily apparent that this case is unlike typical cases where a jury is required to determine a total amount of unliquidated damages in excess of the jurisdictional amount, which must be reduced to judgment and collected from the defendant. Here, the record makes it clear that a summary judgment has been entered *280 finding that the fees were improperly assessed, just as the class members alleged, and that the trial judge will enter a final judgment that establishes a formula for dividing the money that has already been collected from the class members and ordering that the class members be awarded an amount based on that formula. Hernando County conceded this to the trial judge but argued in essence that because aggregation is mandatory in all class action suits, any judgment must be considered to be a judgment that exceeds the jurisdictional limit of the county court. The trial court disagreed and this is why the decision was made to leave the case in county court.
Hernando County's argument and the majority's decision that aggregation is mandatory in all class action suits is founded on this court's decision in Galen of Florida, Inc. v. Arscott, 629 So.2d 856 (Fla. 5th DCA 1993), review denied, 641 So.2d 1344 (Fla.1994), and review denied, 641 So.2d 1345 (Fla.1994). Galen is distinguishable because in that case, the suit was filed in circuit court and the court was looking for a legal basis to justify jurisdiction at the circuit level. In addition, some of the claims in Galen were above the jurisdictional amount for county court and the court saw little benefit to fragmenting claims based on the jurisdictional amounts. It also is not clear from the opinion whether a judgment would have to have been entered in excess of the jurisdictional amount of the county court to determine the amount of any unliquidated damages.
Nevertheless, I think it is more important to focus on the decisions of the Florida Supreme Court that have considered the aggregation issue, including the decision in Johnson v. Plantation General Hospital Ltd. Partnership, 641 So.2d 58 (Fla.1994), where the supreme court accepted jurisdiction in order to resolve a conflict between the Fourth District Court's holding in Plantation General Hospital v. Johnson, 621 So.2d 551 (Fla. 4th DCA 1993), that aggregation of claims in class action cases should be prohibited and this court's holding in Galen that the claims should be aggregated to confer jurisdiction on the circuit court. Although this court's Galen decision does not explicitly state that it is mandatory to aggregate in all class action cases, the following language from that opinion could be interpreted as implying mandatory aggregation: "If the aggregated individual claims do not exceed the $15,000 jurisdictional amount, the class action belongs in county court. If it exceeds the circuit court threshold, it belongs in circuit court." 629 So.2d at 857. Exercising its conflict jurisdiction, the supreme court rejected the prohibition of aggregation adopted by the Fourth District Court and approved the reasoning of this court's decision in Galen for allowing aggregation. However, it is clear from reading the Florida Supreme Court's decision that it also rejected any notion implicit in this court's Galen decision that aggregation is mandatory in all cases. Specifically, the court explained:
We believe that allowing the aggregation of claims in order to retain jurisdiction is consistent with this Court's decision in State ex rel. City of West Palm Beach v. Chillingworth, 100 Fla. 489, 129 So. 816 (1930). The claimants in Chillingworth owned bonds and brought an action in the circuit court seeking an installment of interest due on the bonds. The value of the aggregated claims was worth $600, but the minimum jurisdiction of the circuit courts at that time was $500. This Court stated that "if the demands from their nature or character are joint or composite, or are in some way related to each other or arise out of the same transaction, circumstances, or occurrence, they may be aggregated to *281 confer jurisdiction." Id. at 491-92, 129 So. 816. Although Chillingworth is not directly controlling, we see no reason to digress from this precedent of permitting the aggregation of claims as long as the procedural and legal requirements for the class action are satisfied.
641 So.2d at 60 (emphasis added). That the Florida Supreme Court held in Johnson that aggregation is permissive is apparent from its refusal to digress from the precedent established in State ex rel. City of West Palm Beach v. Chillingworth, 100 Fla. 489, 129 So. 816 (1930), "of permitting the aggregation of claims." 641 So.2d at 60. Chillingworth explicitly holds that aggregation is a discretionary decision to be made by the trial court. It should also be emphasized that the underlying facts in Galen and Johnson clearly indicate that, in both cases, some of the claims exceeded the jurisdictional amount of the county court. Although the facts in Galen are unclear, it appears that in Johnson, a judgment would have to be entered based on a finding of the total amount of unliquidated damages owed the class. Further, in both Galen and Johnson, the class action suit was filed in circuit court, and the supreme court in Johnson essentially found a legal basis to leave it there.
The supreme court's most recent statement on aggregation of claims in class actions is found in Galencare, Inc. v. Blanton, 650 So.2d 42 (Fla.1995), in which it approved the decision of the Second District Court in Galencare, Inc. v. Blanton, 636 So.2d 547 (Fla. 2d DCA 1994). The supreme court's opinion contains no analysis and is a simple approval based on Johnson. The underlying Second District Court opinion contains that court's statement that it was aligning itself with this court's decision in Galen, which it described as holding "that the circuit court's dollar jurisdiction may be satisfied by aggregating the value of each plaintiff's claim." 636 So.2d at 547 (emphasis added). It is important to note that the Second District Court described Galencare's argument as being that aggregation is "not permitted" and rejected its argument.
If the Florida Supreme Court meant to adopt a mandatory rule of aggregation in all class action cases, it certainly knew how to explicitly say so. Instead, the court adopted a permissive rule. This is obvious from the plain language used in its decisions and by its reaffirmance and application of Chillingworth, which explicitly holds that aggregation is permissive and not mandatory.
I also looked to the law in other states and found that the courts in many states adhere to the principle that aggregation is prohibited. I do not know of any court that has faced the issue we face, which is whether aggregation is mandatory in all class actions. The reasoning of many of the decisions from other jurisdictions gives me further concern about this court adopting an absolute rule requiring aggregation in all cases. Mutual of Omaha Insurance Co. v. Blury-Losolla, 952 P.2d 1117 (Wyo. 1998), explains my concern quite clearly:
Wyoming adheres to the doctrine of separation of powers. Wyo. Const. art. 2, § 1. As part of that doctrine, both statutes and court rules have recognized the distinction between substantive law-making and procedural rule-making. State ex rel. Frederick v. District Court of Fifth Judicial Dist. In and For Big Horn County, 399 P.2d 583, 584-86 (Wyo.1965). Wyo. Stat. § 5-2-114 (1997) sets forth the court's authority to make rules "governing pleading, practice and procedure * * *." See White v. Fisher, 689 P.2d 102, 106 (Wyo.1984). Wyo. Stat. § 5-2-115(b) (1997) makes it clear that "[s]uch rules shall neither abridge, enlarge nor modify the substantive *282 rights of any person nor the jurisdiction of any of the courts * * *." See McGuire v. McGuire, 608 P.2d 1278, 1290 (Wyo.1980). W.R.C.P. 82 dictates a narrow construction of the rules to ensure this limitation.
Wyo. Stat. § 5-5-131(a)(i) gives the county court exclusive jurisdiction over "[a]n action where the prayer for recovery is an amount not exceeding * * * $7,000.00 * * *[.]" This is a clear legislative mandate that such cases may not be heard in the district court. The fact that W.R.C.P. 20-a procedural rule-allows multiple plaintiffs with similar claims to join their separate claims in one lawsuit, cannot and does not change the fact that subject matter jurisdiction lies only in the county court. Likewise, the class action procedures adopted by this court in W.R.C.P. 23 do not contemplate, and could not accomplish, a modification of subject matter jurisdiction via aggregation of claims. Federal precedent, which we find persuasive, disallows aggregation under similar circumstances (amount in controversy under cases involving diversity of citizenship). See Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) and Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).
. . . .
Finally, appellees ask this court to decide in their favor because all class action lawsuits ought to be in district court. They point to several factors they believe make the district courts a more appropriate forum for the complications of the typical class action case. While this may well be a good policy argument, it is not the job of this court to make policy. The setting of the jurisdictional limits of the state's courts is a legislative task. What we cannot do by court rule, neither can we do by individual case opinion. The same can be said of the decision as to whether class actions should be made available in the county and justice courts. At present, W.R.C.P.C.C. 1.06 and W.R.C.P.J.C. 1(a)(3) indicate that such is not the case. Indeed, the language of W.R.C.P.C.C. 1.06 specifically recognizes that it is the role of the legislature to make that decision. We cannot say whether Wyoming's lawmakers would think it a good idea to make class action lawsuits available in the courts of limited jurisdiction.
Id. at 1120-21.
I would simply note here that the Florida courts have consistently held that "`[s]ubject matter jurisdiction cannot be created by waiver, acquiescence or agreement of the parties, or by error or inadvertence of the parties or their counsel, or by the exercise of power by the court; it is a power that arises solely by virtue of law.'" 84 Lumber Co. v. Cooper, 656 So.2d 1297, 1298 (Fla. 2d DCA 1994) (quoting Fla. Exp. Tobacco Co. v. Dep't of Revenue, 510 So.2d 936, 943 (Fla. 1st DCA), review denied, 519 So.2d 986 (Fla.1987), and review denied sub nom. Lewis v. Fla. Exp. Tobacco Co., 519 So.2d 987 (Fla.1987)) (emphasis added). Therefore, I question whether the Florida courts can create a rule of procedure that provides trial courts with discretion to certify class actions, see Pinellas County Sch. Bd. v. Crowley, 911 So.2d 881, 882 (Fla. 2d DCA 2005) (holding that a trial court has "considerable discretion" in deciding whether to grant or deny certification), and then create a mandatory jurisdictional rule that all claims be aggregated to require that all class actions be resolved in the circuit court. See Boyd v. Becker, 627 So.2d 481, 484 (Fla.1993) ("While the Florida Constitution grants this Court exclusive rule-making authority, this power is limited to rules governing procedural matters and does not extend to substantive *283 rights."); State v. Garcia, 229 So.2d 236, 238 (Fla.1969) ("The rules adopted by the Supreme Court are limited to matters of procedure, for a rule cannot abrogate or modify substantive law."); Oceania Joint Venture v. Ocean View of Miami, Ltd., 707 So.2d 917, 920 (Fla. 3d DCA 1998) ("[I]t is clear that the Florida Supreme Court's exclusive rule-making authority conferred under article V, section 2, is limited to rules governing procedural matters and does not extend to substantive rights.").
In the final analysis, the decision whether to certify a class action is discretionary and not mandatory. I believe that the decision whether to aggregate the claims to allow the case to be transferred to the circuit court in instances where it is not necessary to enter a judgment exceeding the jurisdictional amount and where every individual claim falls below the jurisdictional amount for circuit court should also be a discretionary matter left to the county court. I think that this view fully comports with the statutory provisions regarding the jurisdiction of the circuit and county courts, the Florida Supreme Court precedent in Galencare, Johnson, and White, and the basic principles underlying the procedural rule allowing class actions in Florida. Accordingly, the county court properly exercised its discretion in denying the Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction because, just as the county court concluded, aggregation of claims is permissive in this instance. I believe, therefore, that the petition for writ of certiorari should be denied, and I must respectfully dissent.
NOTES
[1] Prohibition is an extraordinary writ by which a superior court, having appellate and supervisory jurisdiction over an inferior court or tribunal possessing judicial or quasi-judicial power, may prevent such inferior court or tribunal from exceeding jurisdiction or usurping jurisdiction over matters not within its jurisdiction. English v. McCrary, 348 So.2d 293, 296 (Fla.1977).
[2] We review this case by certiorari in light of the Florida Supreme Court's recent holding in Sutton v. State, 975 So.2d 1073 (Fla. 2008), that orders denying writs of prohibition in circuit court are reviewed in this Court by certiorari.