DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDWIN BEJARANO, VITO CHIECO, RONNY HUDSON, AKEELIA JEFFREY, PIERRE MARQUEZ, ROBERT MATSON, ALEKSANDR MELNIKOV, ELIZABETH MIDDLETON, EDSON MOODIE, RAMON PEREZ** and **DEREK DUNSTON,**
Appellants,

v.

**CITY OF HOLLYWOOD** and **HOLLYWOOD CIRCLE, LLC** d/b/a **TOWNHOUSE APARTMENTS,**
Appellees.

No. 4D18-2613

[September 25, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 14-008722 CACE (19).

John G. Crabtree, Charles M. Auslander, Brian C. Tackenberg and Emily Cabrera of Crabtree & Auslander, LLC, Key Biscayne, for appellants.

Elliot B. Kula and Ashley P. Singrossi of Kula & Associates, P.A., Miami for appellee, Hollywood Circle, LLC d/b/a Townhouse Apartments.

GROSS, J.

Eleven plaintiffs in a circuit court action appeal the summary final judgment dismissing their circuit court action. We reverse in part, holding that the proper remedy was not dismissal but the transfer of the action to the county court.

The plaintiffs are all former tenants of an apartment complex owned by Hollywood Circle, LLC d/b/a Townhouse Apartments (the "Developer"). They were unhappy with the Developer's plan to demolish the apartment complex to build a new luxury apartment building. Each plaintiff made a separate claim under the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA") asserting that the Developer's agents misrepresented the timeline for demolition of the building.[1]

Each plaintiff's individual claim was below the jurisdictional threshold of the circuit court. The plaintiffs sought to aggregate their claims to meet the jurisdictional limit.

Although there are some similarities between the plaintiffs' claims,[2] the plaintiffs resided in different units, their leases were for different terms, and representations to the plaintiffs by the Developer's agents were made at different times, under different circumstances, and by different people. The plaintiffs sought different sorts of damages, for example, some pursued reimbursement for furniture left behind; some wanted to be paid for items needed in their new home; and some sought moving expenses.

The Developer moved for summary judgment on the ground that the circuit court lacked subject matter jurisdiction because the plaintiffs' individual claims were below the circuit court's monetary threshold for jurisdiction. The circuit court granted the motion.

"Whether a court has subject matter jurisdiction is a question of law reviewed de novo." *Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005).

County courts have original jurisdiction of "all actions at law in which the matter in controversy does not exceed the sum of $15,000." § 34.01(1)(c), Fla. Stat. (2014). Circuit courts have "original jurisdiction not vested in county courts." Art. V, §5(b), Fla. Const.

The issue in this case is whether multiple plaintiffs alleging the same cause of action against a single defendant can aggregate their claims to meet the monetary threshold for circuit court jurisdiction.

The plaintiffs rely upon *State ex. Re. City of West Palm Beach v. Chillingworth*, 129 So. 816 (Fla. 1930), but they read that case too broadly. The plaintiffs in *Chillingworth* had *identical* causes of action. Each owned a bond issued in 1920 by West Palm Beach; each sued to recover for an identical amount, a missed interest payment. The Supreme Court

---

[1] The original complaint was filed as a class action. An amended complaint abandoned the class action vehicle and opted to file separate claims within a single count.

[2] For example, each plaintiff (1) pled the same cause of action, (2) was a tenant in the apartment complex, and (3) received the same termination letter.

permitted aggregation of the plaintiffs' claims under the "rule that, if the demands from their nature or character are joint or composite, or are in some way related to each other or arise out of the same transaction, circumstances, or occurrence, they may be aggregated to confer jurisdiction." *Id.* at 817.

Here, although the plaintiffs' claims are similar, they are based on different factual situations. A consolidated trial would consist of eleven mini-trials, each turning on its own facts. Such separate claims may not be aggregated to meet the $15,000 threshold for circuit court jurisdiction. In this regard, the plaintiffs' claims are similar to those in *Johnson v. Plantation General Hospital Partnership*, 641 So. 2d 58, 59 (Fla. 1994), which involved separate claims of hospital overbilling for pharmaceuticals, medical supplies, and laboratory services. The Supreme Court allowed the plaintiffs to aggregate their claims to meet the monetary jurisdictional requirement within a class action. *Id.* at 60. But, as Justice Grimes observed in a concurring opinion, the Court did not disturb the ruling of the trial court that the plaintiffs' individual claims, outside of the class action context, did "not have sufficient issues in common to justify the aggregation of the claims" under *Chillingworth*. *Id.* at 60-61 (Grimes, J., concurring).

For these reasons, the circuit court properly ruled that it lacked subject matter jurisdiction. However, as appellee concedes, the court erred by dismissing the case rather than transferring it to county court.

Florida Rule of Civil Procedure 1.060(a) provides: "If it should appear at any time that an action is pending in the wrong court of any county, it may be transferred to the proper court within said county . . . ." Courts applying this rule have held that the preferable approach is to transfer a case to county court following a determination that a circuit court lacks jurisdiction because a plaintiff's claim is less than the monetary threshold for circuit court jurisdiction.

> It is true that Rule 1.060(a) does not require the trial court to transfer to the proper court an action pending in the wrong court. However, it has been held, and we agree, that a better alternative to dismissal in the event that alleged damages are below the jurisdictional amount for the circuit court is a transfer of that action to the county court.

*Aysisayh v. Ellis*, 497 So. 2d 1316, 1317 (Fla. 1st DCA 1986); *see also, e.g., Edwards v. Jones*, 221 So. 3d 770, 772 n.1 (Fla. 1st DCA 2017); *Martell v. Kurlan*, 626 So. 2d 705, 705 (Fla. 4th DCA 1993) (stating that

- 3 -

"the amount in controversy as to each of those causes of action was below the jurisdictional limit; consequently, the action should have been transferred to County Court"); *Sullivan v. Nova Univ.*, 613 So. 2d 597, 600 (Fla. 5th DCA 1993) (if plaintiff cannot establish that the amount in controversy exceeds the jurisdictional threshold, "the case should be transferred to county court").

*Affirmed in part, reversed in part, and remanded for transfer to the county court.*

WARNER and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***