DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM JOYCE,**
Appellant,

v.

**JOSEPH SHINGARY** a/k/a **JOE SHINGARY, GRETCHEN GAEBEL** and **BANYAN DETOX, LLC,** a Florida limited liability company,
Appellees.

No. 4D20-27

[December 16, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 18-CA-001140.

Robert M. Lewis of Law Office of Robert M. Lewis, LLC, Jupiter, for appellant.

Adam G. Heffner of Adam G. Heffner, P.A., Boca Raton, for appellee Banyan Detox, LLC.

GERBER, J.

We reverse the circuit court's orders granting the corporate defendant's motion for entitlement to attorney's fees under section 57.105, Florida Statutes (2019), and then awarding the corporate defendant the amount of those attorney's fees.

The corporate defendant convinced the circuit court that the plaintiff had "improperly structur[ed] [his] pleadings as to the jurisdictional amount to invoke [the circuit court's] jurisdiction." However, the record indicates the plaintiff's original complaint and amended complaints all properly pled above the then-circuit court $15,000 jurisdictional amount by alleging unpaid future wages of $12,000 and unpaid past wages of $6,500, both arising from the corporate defendant's termination of the plaintiff's employment under a single independent contractor agreement. *See State ex rel. City of West Palm Beach v. Chillingworth,* 129 So. 816, 817 (1930) ("[I]f the demands from their nature or character are joint or composite, or are in some way related to each other or arise out of the same transaction, circumstances, or occurrence, they may be aggregated

to confer jurisdiction."); *White v. Marine Transp. Lines, Inc.*, 372 So. 2d 81, 84 (Fla. 1979) ("[T]he good faith demand of the plaintiff at the time of instituting suit determines the ability of the particular court to entertain the action.").

If the circuit court later determined it lacked jurisdiction because the plaintiff's claimed damages were less than the monetary threshold for circuit court jurisdiction, it could have transferred the action to the county court. *See* Fla. R. Civ. P. 1.060(a) ("If it should appear at any time that an action is pending in the wrong court of any county, it may be transferred to the proper court within said county ...."); *Bejarano v. City of Hollywood*, 279 So. 3d 183, 185 (Fla. 4th DCA 2019) ("Courts applying ... rule [1.060(a)] have held that the preferable approach is to transfer a case to county court following a determination that a circuit court lacks jurisdiction because a plaintiff's claim is less than the monetary threshold for circuit court jurisdiction.").

Because we reverse the circuit court's orders based on the plaintiff's first argument on appeal, the plaintiff's second and third arguments on appeal are moot.

*Reversed.*

KLINGENSMITH, J., and NUTT, JAMES, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2